### 67565. MOORE v. THE STATE.

BENHAM, Judge.
Appellant was convicted of burglary and now questions the denial of his motion for directed verdict of acquittal and the content of several jury instructions.

1. "Where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' as to the entire offense or to some particular count or offense, the court may direct the verdict of acquittal to which the defendant is entitled under the evidence . . ." OCGA § 17-9-1 (a). "Where the jury has reached a verdict of guilty, and the verdict is supported by some evidence, a directed verdict of acquittal is not proper. [Cits.]" *Bain v. State,* 144 Ga. App. 470 (3) (241 SE2d 586).

The evidence adduced at trial revealed that a Savannah business was broken into and 15 to 20 cases of antifreeze, several toolboxes, and two truck batteries were taken. Appellant told an employee of the burglarized business that he and another had broken into the building, and asked the employee to keep appellant informed of the details of the police investigation. He then informed the employee of the whereabouts of the missing batteries.

Another witness testified that he had loaned his pickup truck to appellant on the evening of the burglary. Within hours of the break in, the truck was found at appellant's residence, and a liquid substance was in the bed of the truck. A liquid substance was also found on the knees of appellant's pants. Cases of leaking antifreeze and the missing toolboxes were discovered underneath a tarpaulin in appellant's backyard. Appellant's recent possession of the stolen goods, coupled with the other evidence linking him to the crime, was sufficient evidence from which a rational trier of fact could find him guilty beyond a reasonable doubt (see *Bankston v. State,* 251 Ga. 730 (309 SE2d 369)); therefore, denial of the motion for directed verdict was appropriate. *Bain v. State,* supra.

2. In light of the evidence adduced at trial, the charge on recent possession was authorized (*Moore v. State,* 155 Ga. App. 721 (3) (272

SE2d 575)), as was the charge on aiding and abetting. See *Barnes v. State*, 164 Ga. App. 631 (1) (298 SE2d 311).

3. Appellant also takes issue with the trial court's use of the word "moral" in the following charge which immediately followed a reasonable doubt charge: "The State, however, is not required to prove the guilt of the defendant beyond all doubt or to a mathematical certainty. Moral and reasonable certainty is all that can be expected in a legal investigation." However, " '[t]he phrases, "to a moral and reasonable certainty" and "beyond a reasonable doubt," as applied to the quality of proof in a case, are identical in meaning.' [Cits.]" *Dicks v. State*, 155 Ga. App. 591 (271 SE2d 727). We find no error in the use of the charge.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 13, 1984.

*R. M. McDuffee*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.