## 75431. MATHIS v. THE STATE.
### (361 SE2d 856)

DEEN, Presiding Judge.

A Ms. Hightower, occupant of a first-floor apartment in a DeKalb County complex, was lying in bed watching television between 1:00 and 2:00 a.m. on June 8, 1986, when her dog barked and looked toward the open, unscreened window located about three feet from the head of the bed. Ms. Hightower turned towards the window and saw the head and upper torso of a man above the windowsill, his hands resting on the sill. In the light emanating from the television and from a light on the complex grounds near her apartment, the woman could see that the man in the window was black and was wearing a blue or green "hospital-type" shirt.

Upon realizing that he was observed, the man jumped to the ground, and Ms. Hightower ran to the window and shouted that she had called the police. The man began running away, but not before his intended victim had noticed that he was wearing blue jogging pants with a white stripe. She then called the police and the resident manager, and a police officer arrived shortly thereafter. He discovered a kitchen chair positioned beneath the bedroom window but was unable to locate the intruder; he then left to resume his regular duties. About twenty minutes later the resident manager knocked on Ms. Hightower's door and asked her to come out to the parking lot and look at a man whom one of the other tenants had apprehended. When she got to the parking lot, Ms. Hightower saw a police officer (not the same one who had responded to her call) and a number of tenants standing around a black man who was wearing a blue or green shirt, blue pants, and handcuffs, and was lying on the ground. She unhesitatingly identified this man as the person who had attempted to enter her window; she subsequently identified appellant Mathis at trial as the man she had seen at her window.

Immediately after making her on-site identification, Ms. Hightower, while still at the apartment complex parking lot, learned that Ms. McLaurin, also a resident of the complex, had just identified the man on the ground as the one who, within a few minutes of the time the intruder had fled from Ms. Hightower's window, had entered her lighted bedroom, beaten her, thrown her down, stabbed her with a metal table fork, and run his hands over her body in what she interpreted as an attempt to rape her — an attempt she had foiled only by repeatedly kicking and hitting him and by finally managing to unlock her front door and run out onto the grounds. At trial Ms. McLaurin

positively identified appellant Mathis as her assailant. She testified that she had had ample light in which to see the intruder during the five to ten minutes of her struggle with him. Ms. Hightower also testified that she had had ample light in which to see the person at her window.

Testimony adduced at trial showed that residents of nearby apartments had come to Ms. McLaurin's aid after she had burst screaming from her front door, and that they had seen emerging from her door a few moments later a black man wearing clothes matching the descriptions given by Ms. Hightower and Ms. McLaurin. The neighbor who had actually chased down and apprehended the intruder testified that he identified his quarry by the clothing description given him by another neighbor who had seen, at close range, the man leaving the McLaurin apartment, and that, once he spotted him running along the back of the apartment, he never lost sight of him. This witness, too, identified appellant at trial as the man whom he had chased, captured, and brought back to the parking lot, where both of the intended victims subsequently identified him as the intruder.

A DeKalb County jury found appellant guilty as charged on Count 1 (burglary: unauthorized entry with intent to commit a theft), Count 2 (burglary: unauthorized entry with intent to commit the felony of aggravated assault), Count 3 (burglary: unauthorized entry with intent to commit the felony of rape), and Count 4 (aggravated assault: assault with a deadly weapon). On Count 5 (aggravated assault: assault with intent to rape) the jury found appellant guilty of the lesser offense of simple battery. Appellant was sentenced to twenty years on the first three counts; twenty years on Count 4; and twelve months on Count 5. The sentence on Count 4 was to be served consecutively to that on Counts 1 through 3, and the sentence on Count 5 was to run concurrently with that on Count 4. After denial of his motion for new trial on the general grounds, Mathis filed an appeal with this court, enumerating as error the general grounds and seven additional alleged errors. *Held*:

1. Appellant first asserts the general grounds as the basis for his assignment of error to the trial court's denial of his motion for new trial (enumerations 1-3). Our examination of the trial transcript and the record indicates that the proceedings below were conducted in a correct and regular manner and that the evidence adduced was sufficient to authorize the rational trier of fact to find appellant guilty on Counts 1 through 4, and on Count 5, to find appellant guilty not of aggravated assault (assault with the intent to rape), but of simple battery as a lesser included offense. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See Division 7, infra. As to the weight of the evidence, the appellate court does not weigh the evi-

dence, but considers only its sufficiency. *Stewart v. State*, 180 Ga. App. 266 (349 SE2d 18) (1986). These requirements were satisfied in the instant case, and these enumerations are without merit.

2. Our close reading of the trial transcript reveals that the trial court ruled correctly in refusing to suppress either the on-site pretrial identification of appellant as the perpetrator of the crimes charged, or the trial testimony in which appellant was identified by both victims and by other witnesses. See *United States v. Wade*, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) (1967). The sixth and seventh enumerations of error have no merit.

3. The challenged jury instruction regarding "reasonable doubt" and "moral and reasonable certainty" is a correct statement of the law and constitutes a part of the jury charge customarily given in criminal trials. See, e.g., *Moore v. State*, 170 Ga. App. 698 (318 SE2d 172) (1984). The eighth enumeration of error is patently without merit.

4. Defendant's requested jury instruction No. 3 concerns identification of the defendant as the perpetrator of the crime or crimes charged. Examination of the transcript shows that the trial court gave a full and correct charge on this subject, expressing the same substance as that requested by appellant and employing essentially the same language, but presenting it in more concise form. If the trial court gives a full and correct charge on an issue warranted by the evidence and covers the substance of what is requested, it is never error to decline to give the charge in the exact language requested. *Hand v. Hand*, 244 Ga. 41 (257 SE2d 507) (1979); *DeBerry v. State*, 241 Ga. 204 (243 SE2d 864) (1978). The ninth enumeration is likewise devoid of merit.

5. Appellant has failed to make a showing of harm suffered as a result of the trial court's permitting the prosecution to use Ms. McLaurin's lamp to demonstrate to the jury how much light there was in her apartment when her assailant entered. Even if, *arguendo*, this use of demonstration evidence were error, it would not be reversible because no prejudice to the defendant was shown to have ensued therefrom. *Wyatt v. State*, 179 Ga. App. 327 (346 SE2d 387) (1986). Moreover, admission of demonstration evidence is within the trial court's sound discretion. *Reese v. State*, 139 Ga. App. 630 (229 SE2d 111) (1976). The tenth enumeration is also devoid of merit.

6. Turning now to appellant's second enumeration of error, we find that the transcript and record reveal that the trial court correctly regarded the offenses charged in Counts 1 through 3 as having merged, and that he imposed a single 20-year sentence on all three of these counts — not on each count separately. This enumeration is therefore also without merit.

7. As to Counts 4 and 5, appellant received, respectively, a 20-

year sentence on the charge of aggravated assault (Count 4, assault with a deadly weapon, OCGA § 16-5-2 (b)) and a twelve-month sentence for simple battery as a lesser offense included in the charge of aggravated assault (Count 5, assault with intent to rape, OCGA § 16-5-21 (a)), the two sentences to run concurrently. Appellant alleges that this part of the sentence is erroneous, in that Counts 4 and 5 merge and warrant the imposition of but a single sentence.

In analyzing this contention, we note at the outset that in the instant case appellant beat and battered Ms. McLaurin and ran his hands along her body in a sexually suggestive manner. Simple battery requires actual physical contact or harm; assault, simple or aggravated, does not require actual physical contact or harm, but rather the *apprehension* of harm. OCGA §§ 16-5-20; 16-5-21. Battery is therefore not necessarily included in aggravated assault, as a matter of law, but the facts in a given situation may be such that it *is* included as a matter of fact. *Tuggle v. State*, 145 Ga. App. 603 (244 SE2d 131) (1978). In such a fact situation the propriety of finding the defendant guilty of simple battery when he is charged with aggravated assault depends on "whether the language of the indictments is sufficient to encompass actual physical contact or harm as required by the battery statute, [OCGA § 16-5-20], so as to authorize conviction . . . for simple battery." *Tuggle*, supra at 604. Count 5 of the indictment against Mathis charges him with "the offense of AGGRAVATED ASSAULT, for that the said accused person . . . did make an assault upon the person of Zola McLaurin with the intent to rape the said Zola McLaurin." OCGA § 16-6-1 (a) provides: "A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will." "Carnal knowledge" necessarily implies physical contact, or "bodily connection." Black's Law Dictionary, 5th ed. (1979), p. 193. Attempted rape requires a "substantial step" towards commission of the offense. OCGA § 16-4-1. In the case *sub judice* the beating and suggestive stroking of the body would constitute a "substantial step" such as to authorize conviction of attempted rape. Cf. *Helton v. State*, 166 Ga. App. 662 (305 SE2d 592) (1983).

Simple battery is committed when the perpetrator "either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another." OCGA § 16-5-23. The beating and suggestive stroking of Ms. McLaurin constitute conduct which fits the statutory requirements for making out the offense of simple battery as well as attempted rape.

"Where the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other. . . ." OCGA § 16-1-7.

"A crime is . . . included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury . . . or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6.

The language of the indictment, supra, is plainly sufficient to include simple battery; and therefore, as a matter of fact, simple battery in the instant case is a lesser offense included in the charge of aggravated assault. Appellant is therefore correct in enumerating as error the imposition of separate sentences for Counts 4 and 5, as the lesser offense is merged in the greater.

In order to warrant reversal of the judgment, however, the appellant must show that he has suffered actual harm as the result of the error. *Wyatt v. State*, supra. In the instant case, as a practical matter, appellant has suffered no harm, as he must in any event, after completing the twenty-year sentence on Counts 1-3, serve the twenty-year sentence with which the erroneous twelve-month sentence was to run concurrently. We must therefore remand this case to the trial court for expunction of the simple battery conviction and amendment of the sentence.

8. We note that appellant cites authority only for his sixth, seventh, and ninth enumerations of error.

*Judgment affirmed in part and reversed in part; case remanded with direction to amend the sentence. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 5, 1987.

Reuben A. Garland, Jr., for appellant.

Robert E. Wilson, District Attorney, John H. Petrey, Elisabeth G. MacNamara, Assistant District Attorneys, for appellee.