## 45102. BINNS v. THE STATE.
(364 SE2d 871)

WELTNER, Justice.
Cynthia Binns shot and killed Robert Barber with a handgun. She was convicted of felony murder, and sentenced to life in prison.[1]

[1] The crime was committed on January 1, 1987, and Binns was indicted on March 10, 1987. She was found guilty and sentenced on May 5, 1987. Her motion for new trial was filed on June 4, 1987, and it was overruled on August 19, 1987. The trial transcript was certified on August 14, 1987, and the notice of appeal was filed on September 17, 1987. The record on

The shooting took place in the apartment shared by Binns and Barber and followed a day of heavy alcohol consumption by Barber, during which he accused Binns of repeated infidelity and of giving money to another man. A next-door neighbor testified she visited Binns about 11:30 a.m. and that while she was there Binns pointed a pistol at Barber saying, "You better leave me alone, dude, I am going to hurt you." This witness also testified that she heard a gunshot approximately three hours later.

Binns described her three months of living with Barber as being an almost constant argument during which he continually made false accusations that she, for her part, kept denying. She stated that although she had asked him to move out of the apartment on many occasions prior to the shooting, he had nevertheless refused to go. Binns went on to testify that on the day of the killing, after enduring several hours of verbal abuse from Barber, she took a pistol and pointed it at him to intimidate him into silence. The pistol discharged, however, and Barber died from a head wound. Binns claimed that the pistol was discharged by accident rather than by design.

1. The evidence was sufficient to enable a rational trier of fact to find Binns guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

2. Binns contends the trial court erred in refusing to charge involuntary manslaughter as a lesser included offense of murder. OCGA § 16-5-3 provides, in part, as follows: "A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act *other than a felony*." (Emphasis supplied.) OCGA §§ 16-5-20 (a) (2) and 21 (a) (2) establish that the use of a deadly weapon in such a manner as to place another in reasonable apprehension of immediate violent injury constitutes the *felony* of aggravated assault. *Rhodes v. State*, 257 Ga. 368, 369 (359 SE2d 670) (1987). Binns testified that when she pointed the pistol at Barber she intended to place him in fear of receiving immediate violent injury. Consequently, the refusal to give the requested charge was not error.

3. The trial court charged the jury: "If the jury, upon the trial of a criminal case, is satisfied from the evidence beyond a reasonable doubt that the accused is guilty of one of two or more offenses of which the defendant may lawfully be convicted under the indictment against her, but the jury has reasonable doubt as to which of these offenses she is guilty of, it is their duty to give her the benefit of the

doubt and find her guilty only of the *lower grade* of offense." (Emphasis supplied.) The trial court additionally charged there were three possible verdicts: not guilty, guilty of malice murder, or guilty of felony murder. Because the indictment charged only two crimes, malice murder and felony murder, and because both crimes carry the same penalty, there was no lower grade offense as far as *punishment* is concerned. However, Binns has made no showing that the charge was harmful, and we find it was highly probable that any error was harmless. *Cromer v. State*, 238 Ga. 425, 427 (233 SE2d 158) (1977).

4. In his closing argument to the jury, the prosecutor called attention to the fact that both Binns and Barber were black and appealed to the jurors to regard a crime involving a black perpetrator and a black victim with as much concern as they would regard any other crime. He asked the jurors by their verdict to send a message that the lives of those who live in low-income, black neighborhoods are important and have value. Binns, though making no objection to any of the remarks made by the prosecutor at the time, now assigns as error the failure of the trial court, without objection, to stop the argument and rebuke the prosecutor for making racially prejudicial statements. "It has been held by this court many times that, when improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel make proper objection to it at the time made or invoke some ruling or instruction from the court respecting it, either by way of reprimanding counsel, or of instructing the jury to disregard it, or of declaring a mistrial." *Joyner v. State*, 208 Ga. 435, 438 (67 SE2d 221) (1951). This ground will not be reviewed.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 1988.

*Drew R. Dubrin, Harry J. Bowden, Vernon S. Pitts, Jr.*, for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellee.

