## 46220. JACKSON v. THE STATE.
(374 SE2d 777)

SMITH, Justice.

The appellant, Eddie Jackson, Jr., was convicted of felony murder and sentenced to life imprisonment. We affirm.[1]

The victim sold a defective portable television for $20 to the appellant. The appellant confronted the victim at a bar and asked for his money back, but the victim had already spent the money on drinks. Later, while the appellant and a friend waited for the victim to leave the bar, the victim staggered from the bar and crossed the highway. The appellant followed him in a pick-up truck. Appellant jumped from the truck and started a fight. The victim threw a bottle at the appellant. Appellant shot the victim three times. It was stipulated at trial that the victim died of gunshot wounds to the chest.

1. The appellant contends that the trial court erred in failing to instruct the jury on involuntary manslaughter as a lesser included offense of murder. The trial judge instructed the jury on felony murder, voluntary manslaughter, and justification, and the evidence supports these charges. *Boling v. State*, 244 Ga. 825 (262 SE2d 123) (1979). However, there is no evidence to support a charge of involuntary manslaughter. In fact, the evidence shows the appellant intended to start a fight and "pistol whip" the victim with a handgun. The refusal to give the requested charge was not error. *Binns v. State*, 258 Ga. 23 (364 SE2d 871) (1988)

2. Reviewing the evidence, we conclude that a rational trier of fact could have found the defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 1, 1988.

*William T. Hankins III,* for appellant.

*Robert E. Wilson, District Attorney, Thomas S. Clegg, Robert M. Coker, Assistant District Attorneys, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.

---

[1] The crime was committed on August 28, 1987. The DeKalb County jury returned its verdict of guilty on February 24, 1988. A motion for new trial was filed on March 15, 1988, heard and denied on April 11, 1988. Notice of Appeal was filed on May 11, 1988. The transcript of evidence was filed on September 13, 1988. The record was docketed in this court on September 19, 1988. The case was submitted on November 4, 1988.