## A92A0282. REED v. THE STATE.
### (419 SE2d 45)

JOHNSON, Judge.

Fred Reed (Reed) was charged as a recidivist with six counts of armed robbery, six counts of possession of a firearm during commission of a crime and possession of a firearm by a convicted felon. After a jury trial, Reed was found guilty of three counts of armed robbery and three counts of possession of a firearm during the commission of a felony. The trial court denied Reed's motion for a new trial. Reed appeals his conviction.

1. In his first enumeration of error, Reed claims the trial court erred by refusing to grant his motion for mistrial when a police officer's testimony improperly placed his character in issue. Detective McLaughlin testified that he heard over his radio that a car had been found parked behind Robert's Lounge, the scene of the robberies, with the engine running. After hearing the tag number, he travelled to the scene because he recognized the number and stated that he "had been looking for it and the driver." At this point in the trial, Reed's counsel made a motion for mistrial. A curative instruction was given to the jury.

We find that the officer's remark, which did not identify the driver, is not sufficient to place the defendant's character in evidence. The cornerstone of Reed's alibi defense is that he had loaned someone his car and had been with his girl friend on the night of the robbery. A cousin of Reed testified that he had borrowed the car and parked it outside the lounge just before he entered the bar and found the robberies in progress. No inference can be drawn from the officer's remark that Reed was the driver of the car that night or that he was being sought in connection with another crime. Even if it could be said to have somehow put Reed's character in issue, it was both incidental and harmless. " 'It is well-established that if evidence is otherwise relevant and material to the issues being tried, it is not rendered inadmissible merely because it may incidentally place the defendant's character in issue. (Cits.)' [Cit.]" *Calloway v. State*, 199 Ga. App. 272, 273 (1) (404 SE2d 811) (1991). There is no suggestion

by Reed, that, if in fact there was an improper introduction of character evidence, that it was prejudicial to Reed, or that the result of the trial would have differed in any way. Therefore, we do not find that the trial court abused its discretion in refusing to grant a mistrial. See *Tyler v. State,* 198 Ga. App. 685 (402 SE2d 780) (1991).

2. Reed also argues the trial court erred in admitting hearsay testimony of a police officer. The assistant district attorney asked the detective in charge of the investigation of the case: "What was found in the car that made you think that it might be linked to the robbery?" Reed's counsel objected, asserting that the testimony was hearsay in that the officer was not present at the search of the car. The items found in the car had already been admitted into evidence. The trial court properly allowed the testimony to explain her conduct in the course of the investigation, not to offer substantive proof concerning the items found in the car. *Goodman v. State,* 167 Ga. App. 378 (306 SE2d 417) (1983).

3. Reed next challenges the court's jury instruction on reasonable doubt. We find that the instruction regarding "reasonable doubt" and "moral and reasonable certainty" is a correct statement of the law and is part of the pattern jury charges for criminal trials. *Mathis v. State,* 184 Ga. App. 455, 457 (3) (361 SE2d 856) (1987); *Moore v. State,* 170 Ga. App. 698 (318 SE2d 172) (1984). Further, there was no assertion that the charge was harmful and therefore there was no error. *Binns v. State,* 258 Ga. 23, 25 (3) (364 SE2d 871) (1988).

4. In his fourth enumeration of error, Reed asserts that the court gave an erroneous jury charge on the issue of presumption of innocence. The argument contained in the brief, however, focuses on the charge regarding intent. In reviewing the charges given, we find that the court charged the jury regarding intent directly from OCGA § 16-2-6, and accordingly find no error. Reed relied exclusively on an alibi defense. Defenses such as self-defense, or accident, which would have called into question the issue of intent were not present in the case. Since any charge on intent was so far removed from the theory upon which the case was tried, even if incorrect, it would have been harmless. *United States v. Winter,* 663 F2d 1120, 1145 (1981), cert. den., 460 U. S. 1011 (103 SC 1249, 1250, 75 LE2d 479) (1983).

5. As his fifth enumeration of error, Reed asserts that the court erred in refusing to give his request to charge on identification. The court used the pattern charges on identification. We find Reed's charge to be cumulative. "It is not required that the trial court include the exact language of written requests to charge when the same principles are given in the general charge. . . ." *Williams v. State,* 199 Ga. App. 566, 571 (5) (405 SE2d 716) (1991).

6. Finally, Reed asserts that the trial court erred by failing to sustain an objection to improper argument made by the prosecution.

A review of the transcript of closing argument indicates that an objection was made to the district attorney's characterization of reasonable doubt. The trial court neither sustained nor overruled the objection, but merely indicated that it would charge the jury on the law. Defense counsel thanked the court, but did not insist upon a ruling on the objection. As the court made no ruling, there is nothing for us to review and we therefore find no error. *Hardeman v. State,* 252 Ga. 286 (313 SE2d 95) (1984); *Fancher v. State,* 190 Ga. App. 438, 439 (1) (378 SE2d 923) (1989).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 29, 1992 —
RECONSIDERATION DENIED MAY 19, 1992 —

*Jackson & Schiavone, G. Terry Jackson,* for appellant.
*Spencer Lawton, Jr., District Attorney, Elise O. Gray, Assistant District Attorney,* for appellee.