A93A1080. McDUFFIE v. THE STATE.
(435 SE2d 452)

POPE, Chief Judge.

Defendant was charged with the offenses of kidnapping, theft by taking and escape. Defendant gave notice of his intention to interpose the defenses of not guilty by reason of insanity, guilty but mentally ill and guilty but mentally retarded. The jury found defendant guilty but mentally ill at the time of the crimes. Defendant appeals.

1. Four of defendant's enumerations of error concern the trial court's charge to the jury concerning the alternative verdicts of not guilty by reason of insanity, guilty but mentally ill and guilty but mentally retarded. Essentially, the trial court instructed the jury that they could consider any of these verdicts as an alternative to guilty or not guilty. As required by OCGA § 17-7-131 (b) (3), the judge also instructed the jury as to the disposition of the defendant in the event any of those alternative verdicts were returned. Defendant argues the charge was inadequate because the trial judge merely informed the jury that the alternative verdicts could be considered by them but failed to instruct the jury concerning the definition of or criteria for returning any of these alternative verdicts. Defendant also argues the instruction was improper because it failed to inform the jury that they must first determine whether defendant was *not* guilty by reason of insanity before they could consider the alternative verdict of guilty but mentally ill.

We agree that the charge as given was inadequate. "The [Georgia Supreme Court in *Keener v. State*, 254 Ga. 699 (334 SE2d 175) (1985)] held that when the trial court charges the jury on the defense of insanity and on guilty but mentally ill at the time of the crime, '*the trial court must make clear to the jury in its charge* that if they find the defendant did not have the mental capacity to distinguish between right and wrong (or acted because of delusional compulsion), they must find the defendant not guilty by reason of insanity and must not find the defendant guilty but mentally ill. *That is to say, if the jury finds the defendant not guilty by reason of insanity, their deliberations must cease, and the jury should not thereafter consider whether the defendant was guilty but mentally ill.* (Emphasis supplied.) A jury is not authorized to find that the defendant did not know right from wrong *and* is guilty but mentally ill.' [*Keener v. State*, 254 Ga. at 702-703.]" *Price v. State*, 179 Ga. App. 598, 601-602 (347 SE2d 608) (1986).

In *Price*, because there was evidence from which a jury could find defendant did not have the capacity to distinguish right from wrong, the charge which did not comply with *Keener*, was improper and, even though defendant did not raise the issue at trial or on appeal, this court concluded pursuant to OCGA § 5-5-24 (c) that the charge was harmful as a matter of law. By contrast, in this case no evidence was presented that defendant lacked the capacity to distinguish right from wrong. In fact, both defendant and defendant's expert witness, a psychologist, testified that defendant did recognize right from wrong but was nevertheless compelled by his history of depression to commit the acts of which he was charged. Thus, even though the charge did not adequately instruct the jury concerning the alternative verdict of not guilty by reason of insanity, the error was harmless because no

evidence was presented to support such a verdict. Neither was evidence presented to support a verdict of guilty but mentally retarded.

As to defendant's argument that the charge concerning the alternative verdict of guilty but mentally ill was inadequate and confusing, defendant has shown no harm. The jury did not return a simple guilty verdict but found defendant guilty but mentally ill so that defendant is entitled to be sentenced accordingly.

2. In the course of defining the evidentiary standard of reasonable doubt to the jury, the trial court stated: "[T]he State is not required to prove the guilt of the Accused beyond all doubt or to a mathematical certainty. Moral and reasonable certainty is all that can be expected. . . ." The court went on to define reasonable doubt as "a doubt based upon common sense and reason. It does not mean a vague or arbitrary notion, but it is a doubt for which a reason can be given, arising from a consideration of the evidence, the lack of evidence, a conflict in the evidence, or a combination of any of these." Defendant argues that the reference to "moral certainty" is improper and violates the holding of *Cage v. Louisiana*, 498 U. S. 39 (111 SC 328, 112 LE2d 339) (1990). We disagree.

In *Cage*, in addition to stating that guilt must be found to a moral certainty, the trial court defined reasonable doubt as consisting of " *'such doubt as would give rise to a grave uncertainty. . . . It is an actual substantial doubt.'* . . . [Cit.]" Id. at 40. The United States Supreme Court found the charge improper *not* because of the use of the term "moral certainty" but because of the Court's concern that use of the phrases "grave uncertainty" and "actual substantial doubt" suggested a higher degree of doubt than mere reasonable doubt such that "[w]hen those statements are then considered with the reference to 'moral certainty,' rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause." Id. at 41. In this case, however, the trial judge expressly instructed the jury that a reasonable doubt was one that was based on a consideration of the evidence. "We find that the instruction regarding 'reasonable doubt' and 'moral and reasonable certainty' is a correct statement of the law and is part of the pattern jury charges for criminal trials." *Reed v. State*, 204 Ga. App. 272, 273 (3) (419 SE2d 45) (1992). See also *Mathis v. State*, 184 Ga. App. 455 (3) (361 SE2d 856) (1987); *Moore v. State*, 170 Ga. App. 698 (3) (318 SE2d 172) (1984).

3. We reject defendant's argument that the trial court erred in denying his motion for mistrial made when the prosecutor, during closing argument, stated that defendant should have taken responsibility for his actions. Defendant testified and admitted he committed the acts for which he was charged. His defense consisted of his argu-

ment that he should not be found guilty because he was compelled to commit the acts due to his depression. From the evidence presented by defendant it is possible to deduce that defendant was attempting to avoid responsibility for his acts. It is permissible for a prosecutor, in argument to the jury, to draw deductions from the evidence, "and the fact that a deduction may be illogical, unreasonable, or even absurd, is a matter for reply by adverse counsel and not rebuke by the court." *Johnson v. State,* 150 Ga. App. 405, 407-408 (258 SE2d 22) (1979).

4. We also reject defendant's argument that the trial court erred in refusing to permit defendant to admit in evidence certain documents contained within the records of the Department of Corrections. The documents contained notations, evaluations and diagnoses of defendant's mental and emotional condition made by persons who were not presented as witnesses. "Records which contain diagnostic opinions of third parties not before the court are not admissible under the business records exception to the hearsay rule." *Baker v. State,* 251 Ga. 464 (306 SE2d 917) (1983). Accord *Hurt v. State,* 239 Ga. 665 (10) (238 SE2d 542) (1977).

5. Finally, we reject defendant's argument that the trial court erred in denying his motion for change of venue. The transcript of the voir dire of the jury and the selection of jurors show that fair and impartial jurors were empaneled and that defendant did not exhaust his peremptory challenges and the record as a whole fails to show the setting of the trial was inherently prejudicial. Thus, no error was shown. See *Devier v. State,* 253 Ga. 604 (4) (323 SE2d 150) (1984); *Coleman v. State,* 237 Ga. 84 (1) (226 SE2d 911) (1976).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED AUGUST 6, 1993 —
RECONSIDERATION DENIED AUGUST 24, 1993.

*Jackson & Schiavone, Michael G. Schiavone, Steven L. Sparger,* for appellant.
*Spencer Lawton, Jr., District Attorney, Kimberly Rowden, Assistant District Attorney,* for appellee.