## A93A2153. RUFF v. THE STATE.
(441 SE2d 534)

SMITH, Judge.

A jury convicted Richard Nelson Ruff of possession of cocaine with intent to distribute. He appeals from the denial of his motion for new trial. Ruff enumerates as error the court's instruction as to reasonable doubt, asserting that the charge given failed to convey that concept accurately and that it likewise reduced the State's burden of proof.

The court charged on reasonable doubt as follows: "Every person is presumed innocent until proved guilty. No person shall be convicted of a crime unless each essential element of that crime is proved by the State beyond a reasonable doubt. The burden of proof never shifts to a defendant to prove his innocence, but the State, however, is not required to prove the guilt of the defendant beyond all doubt or to a mathematical certainty. Moral and reasonable certainty is all that can be expected in a legal investigation.

"Now reasonable doubt means just what it says. It is the doubt of a fair-minded, impartial juror, honestly seeking the truth. It's not an arbitrary nor capricious doubt, but it is a doubt arising from a consideration of the evidence, from a conflict in the evidence, or from a lack of the evidence. If after giving consideration to all the facts and circumstances of this case, your minds are wavering, unsettled, and unsatisfied, then that is the doubt of the law, and you should acquit him. If that doubt does not exist in your minds as to the guilt of the defendant, then you would be authorized to convict him."

1. Ruff argues that the court erred in failing to charge that the State must prove each essential element of the crime not only "beyond a reasonable doubt," but also to "a moral and reasonable certainty." He claims that because of this omission, and also because of the later *inclusion* of the phrase in a "negative" charge describing the limitations of a legal investigation, the charge is actually more potentially misleading than the charge criticized in *Vance v. State*, 262 Ga. 236, 237-238, nn. 4-5 (416 SE2d 516) (1992).

We recognize that the *Vance* charge is facially distinguishable from the charge given in the present case in that the *Vance* charge used the phrase "moral and reasonable certainty" both to describe the State's burden as to each element of the crime as well as in describing the expected standard in a legal investigation. We find, however, that this is at most a distinction without a difference. *Vance* counsels that the inclusion of the phrase "moral and reasonable certainty" is unnecessary and might potentially suggest to a juror "a lesser standard of proof than guilt *beyond* a reasonable doubt." (Emphasis in original.) Id. See also *Daniels v. State*, 207 Ga. App. 689 (428 SE2d 820) (1993). We find no merit in the suggestion that the

single use of the term "moral and reasonable certainty" in the present case was actually *more* egregious than the usage criticized in *Vance,* supra. The charge as a whole accurately conveyed the concept of reasonable doubt to the jury. We find no reversible error.

2. As an apparent alternative to his argument in Division 1, Ruff enumerates as error the court's charge that "[m]oral and reasonable certainty is all that can be expected in a legal investigation," contending that it suggests a lesser burden of proof than the legal standard. This question has been addressed previously by this court and found to be without merit. *Daniels,* supra at 692 (5).

*Cage v. Louisiana,* 498 U. S. 39 (111 SC 328, 112 LE2d 339) (1990), relied upon by Ruff, addresses a charge that is clearly distinguishable from the charge given to the jury in this case. Nevertheless, employing the standard of review enunciated in *Cage,* Ruff asserts that a juror *could have* interpreted the court's instruction on the State's burden of proof to allow a finding of guilt based on a degree of proof below that required by the due process clause. The United States Supreme Court, however, has since expressly disapproved the test employed in *Cage,* holding instead that the correct inquiry is whether there is a "reasonable likelihood" that the jury applied the instruction in a constitutionally impermissible manner. *Estelle v. McGuire,* 502 U. S. ____, n. 4 (112 SC 475, 116 LE2d 385) (1991). See also *Sullivan v. Louisiana,* 508 U. S. ____ (113 SC 2078, 124 LE2d 182) (1993) (question whether a charge "essentially identical" to that given in *Cage* was reasonably likely to have been unconstitutionally applied not considered since it was not previously argued). Considering the charge as a whole, we find no reasonable likelihood that the jury applied a standard of proof less stringent than that required by the state and federal due process clauses or other applicable law. See OCGA § 16-1-5.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 2, 1994.

*Nina M. Svoren,* for appellant.
*Michael H. Crawford, District Attorney,* for appellee.