*Aurieanne Sneed, Assistant Solicitors,* for appellee.

A94A0995. EDWARDS v. THE STATE.
(448 SE2d 51)

SMITH, Judge.

Willie James Edwards was convicted by a jury of armed robbery. The evidence presented at trial showed that in the early morning hours of February 27, 1992, two men entered a service station in Rockdale County. One man stayed at the door. The other man, wearing a light-colored shirt and brown pants, approached the clerk and displayed a pistol stuck in his waistband. He asked for the cash drawer, which the clerk placed on the counter, and the men left the store with the money. The clerk telephoned the police and described the robber with the gun and his clothing.

1. Edwards admitted he was in the store and took the money. He admitted he fled and dropped the money. He denied, however, that he had a gun. He contends on appeal that the evidence was insufficient to authorize the jury to convict him of armed robbery.

The victim testified that he saw the robber lift his shirt and observed him with his hand on a gun. He identified Edwards as the robber from a photographic lineup. He also identified him at trial.

Officer Bradley Flanagan of the Conyers Department of Public Safety responded to the call. He testified that when he reached the vicinity of the service station, he noticed a man meeting the description of the robber given by the clerk, cross the street in front of his car. It appeared to Flanagan that the man had a weapon in his hand. Flanagan then observed the man drop the object in his hand at the side of the road. Shortly thereafter, Flanagan saw the man pull something that looked like paper out of his pants and drop it into some bushes. He stopped Edwards and placed him under arrest. He identified Edwards at trial as the man he apprehended. A gun was found at the location where Flanagan saw Edwards drop something, and cash was found where Edwards was arrested. At trial, the victim identified the gun as the one used by the robber.

This evidence was sufficient to authorize the jury to convict Edwards of armed robbery under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Relying upon *Cage v. Louisiana,* 498 U. S. 39 (111 SC 328, 112 LE2d 339) (1990), Edwards contends the trial court committed reversible error in charging the jury that "[n]o person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt and *to a moral and reasonable certainty.*" (Emphasis supplied.) We do not agree.

We note initially that the standard against which the charge was tested in *Cage* was disapproved by the United States Supreme Court in *Estelle v. McGuire*, 502 U. S. ___, n. 4 (112 SC 475, 116 LE2d 385) (1991). See *Ruff v. State*, 212 Ga. App. 245, 246 (2) (441 SE2d 534) (1994). In *Cage*, the charge was held to be deficient because a reasonable juror *could have* interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause. "[T]he correct inquiry is whether there is a 'reasonable likelihood' that the jury applied the instruction in a constitutionally impermissible manner. [Cits.]" *Ruff*, supra, 212 Ga. App. at 246 (2).

In *Vance v. State*, 262 Ga. 236, 237-238 (2) (416 SE2d 516) (1992), the Georgia Supreme Court disapproved a charge in which the phrase "moral and reasonable certainty" was used, but held that it was not reversible error because, taken as a whole, the trial court's charge "repeatedly and accurately conveyed to the jury the concept of reasonable doubt." Id. In *McDuffie v. State*, 210 Ga. App. 112, 114 (2) (435 SE2d 452) (1993), this court held that use of the term "moral and reasonable certainty" did not constitute reversible error because the court "expressly instructed the jury that a reasonable doubt was one that was based on a consideration of the evidence." Id.

In this case, although the words "moral and reasonable certainty" were mentioned at one point, the trial court properly and specifically defined "reasonable doubt" as an evidentiary standard. The jurors were charged that "[a] reasonable doubt means just what it says. It is a doubt of a fair-minded impartial juror honestly seeking the truth. It is a doubt based upon common sense and reason. It does not mean a vague or arbitrary notion, but is a doubt for which a reason can be given arising from a consideration of evidence, the lack of evidence, a conflict in the evidence or a combination of these." Considering this charge as a whole, we find no reasonable likelihood that the jury applied a standard of proof less than constitutionally permissible. *Ruff*, supra. We therefore find no reversible error.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED AUGUST 5, 1994.

*David A. Lamalva*, for appellant.
*Cheryl F. Custer, District Attorney, Nancy N. Bills, Assistant District Attorney*, for appellee.