[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14725
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00070-WLS-TQL


JARROD GOODEN,

                                                        Plaintiff-Appellant,

versus

CEDRIC MORMON, et al.,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 31, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

    Jarrod Gooden, a Georgia state prisoner proceeding *pro se*, appeals the

district court's *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915A, of his civil

rights action against Officer Cedric Mormon and Deputy Warden Angela Williams for deliberate indifference. *See* 42 U.S.C. § 1983. After review, we affirm.

## I.

The complaint[1] alleges that on July 20, 2010, while Mr. Gooden was housed in segregation at the Autry State Prison in Pelham, Georgia, inmates serving as dorm orderlies came into his cell to clean up a water spill. While the cleanup was underway, Officer Mormon handcuffed Mr. Gooden, and left him in the cell unsupervised for five minutes or less.  During that time, Mr. Gooden was sexually assaulted by another inmate. This incident caused Mr. Gooden to suffer scratches in his groin area, and to experience painful urination and erectile dysfunction.

The complaint further alleges that Mr. Gooden filed a witness statement form the next day addressed to Deputy Warden Williams explaining that he had not been seen by medical or mental health staff within the past 24 hours "of his assault" in violation of the prison's standard operating procedure. One week later, Mr. Gooden filed an informal grievance with Deputy Warden Williams describing the July 20th incident. His grievance, however, neglected to mention the severity of his injury or the need for medical care, and the only relief he requested was to

---

[1] After Mr. Gooden filed his complaint, the district court determined that "additional information [was] needed to screen [Mr. Gooden's] complaint" and ordered Mr. Gooden to answer a series of questions seeking greater specificity with respect to his factual allegations. *See* Order, D.E. 8. In assessing the merits of Mr. Gooden's claim, we rely on both the initial complaint and the supplemental response, just as the district court did in its initial screening.

2

press charges against Officer Mormon and to speak to Internal Affairs. Mr. Gooden was not seen by prison medical staff for approximately 22 days until after he filed a second informal grievance complaining about his lack of medical care.

Mr. Gooden eventually brought suit under § 1983 against Officer Mormon and Deputy Warden Williams for deliberate indifference. He claims that Officer Mormon left him unsupervised, defenseless, and exposed to a risk of serious harm. He also claims that Deputy Warden Williams knew that he was in need of medical care and nevertheless failed to timely respond. Pursuant to § 1915A, the district court conducted an initial screening of Mr. Gooden's complaint to determine if it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). After reviewing the complaint, the district court held that Mr. Gooden's claims warranted dismissal.

## II.

We review *de novo* a district court's dismissal for failure to state a claim pursuant to § 1915A(b)(1). *See Leal v. Georgia Dept. of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Dismissal is appropriate if the complaint, on its face, does not state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50 (2009). We must accept as true all factual allegations in the complaint. *Id.* at 678. And because Mr. Gooden is proceeding *pro se*, his

3

pleadings must be liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

We first address Mr. Gooden's claim against Officer Mormon for failure to protect him from serious harm. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. . . . It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S. Ct. 1970, 1976-77 (1994) (internal quotation marks omitted). For that reason, prison officials are only liable for a constitutional violation under § 1983 when they "(1) have subjective knowledge of the risk of serious harm, and (2) nevertheless fail to reasonably respond to the risk." *Id*. at 837. Officer Mormon's alleged conduct in this case does not meet this standard.

According to Mr. Gooden, he was left unattended in his cell for no more than five minutes while other inmates cleaned a water spill. Mr. Gooden claims that Officer Mormon should have known that this would have exposed him to serious risk of injury because the other inmates appeared to be in a hostile mood and made aggravating remarks about having to clean up the spill in his cell. Though this purportedly led to an unfortunate incident, the allegations fail to establish that Officer Mormon had subjective knowledge that Mr. Gooden could be

4

seriously harmed. There are no allegations, for example, that Mr. Gooden alerted Officer Mormon about a specific threat from any of the inmates or that Officer Mormon knew of prior attacks by these particular inmates. *See Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) ("The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference.") (internal quotation marks omitted). Based on these allegations, Officer Mormon's decision to leave Mr. Gooden handcuffed and unsupervised for approximately five minutes may have been negligent, but it was not deliberately indifferent. *See Farmer*, 511 U.S. at 838 ("But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as [a constitutional violation].").

We next address Mr. Gooden's claim against Deputy Warden Williams for deliberate indifference to his serious medical needs.[2] Under the Eighth Amendment, a prison has an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290 (1976). The failure to address those medical needs can serve as grounds for

---

[2] Mr. Gooden's complaint also appeared to state a claim against Deputy Warden Williams for rejecting his grievance against Officer Mormon without conducting a proper and prompt investigation. This claim fails because prison inmates do not have a constitutionally-protected liberty interest in the inmate grievance process. *See Bingham v. Thomas,* 654 F.3d 1171, 1177 (11th Cir. 2011).

liability under § 1983 when "that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Id.* at 104 (internal quotation marks omitted). In order to state a claim for deliberate indifference against Deputy Warden Williams, Mr. Gooden had to establish her "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Much like the claim against Officer Mormon, the allegations against Deputy Warden Williams do not meet this standard because they fail to establish her subjective knowledge of serious harm.

Mr. Gooden alleges that he made Deputy Warden Williams aware of his serious medical needs by filing a witness statement form on July 21, 2010, and an informal grievance six days later explaining that he was the victim of a sexual assault.[3] Yet he did not allege that either document mentioned the nature of the assault or of his injuries or the need for any prompt medical attention, and the grievance form itself did not describe the assault. These omissions are significant because not all sexual assaults—as that term is used in Georgia—necessarily cause serious physical injury requiring immediate medical care. For example, under

---

[3] Mr. Gooden attached a copy of the informal grievance to his complaint, but he did not include a copy of the witness statement form. We therefore rely on the complaint's description of the form's contents, which allegedly "explain[ed] how [he] had not seen medical or mental health within 24 hours of [his] assault as stated in the [prison's standard operating procedures]." Supplement, D.E. 9 at 2. The supplement does not contain any other description of the witness statement form.

Georgia law, simple assault is defined as either an "attempt[] to commit a violent injury" or "an act which places another in reasonable apprehension of immediately receiving a violent injury." GA. CODE ANN. § 16-5-20.[4] *See also Mathis v. State*, 361 S.E.2d 856, 859 (Ga. App. 1987) ("[A]ssault, simple or aggravated, does not require physical contact or harm, but rather the *apprehension* of harm.") (emphasis in original). Because sexual assault may be committed without causing physical harm, we cannot assume that Deputy Warden Williams knew that Mr. Gooden required medical attention by virtue of the witness statement form or the informal grievance.

We also cannot infer Deputy Warden Williams' subjective knowledge based upon Mr. Gooden's contention that it is standard prison policy to conduct a medical and mental examination of any victim of sexual assault within 24 hours of the incident. Deputy Warden Williams' alleged failure to comply with prison policies may very well be negligent, but it is not, in and of itself, a constitutional violation. *Cf. Vodicka v. Phelps*, 624 F.2d 569, 575 (5th Cir. 1980) (implying that warden's violation of an internal prison regulation did not justify relief under § 1983). Consequently, Mr. Gooden has failed to establish that Deputy Warden

---

[4] We note that Georgia law has the separate crime of "sexual assault." *See* GA. CODE ANN. § 16-6-5.1. But that crime is limited to individuals—such as school employees, parole officers, law enforcements officials, hospital staff, correctional officers, psychotherapists, nursing home staff, or at-home caretakers—who engage in sexual contact towards those in their care or custody. Notably, the crime of sexual assault encompasses "any sexual contact" and also does not require proof of physical harm. *See id*.

7

Williams knew about a serious medical need and deliberately chose to ignore it. *Cf. Ray v. Foltz*, 370 F.3d 1079, 1084 (11th Cir. 2004) ("At most, their claim is that the defendants were negligent or careless in not gathering the information, or that they negligently or carelessly failed to follow Department guidelines.").

## III.

Accordingly, we affirm the district court's dismissal of Mr. Gooden's complaint pursuant to § 1915A(b)(1) for failing to state claims upon which relief can be granted.

**AFFIRMED**.