## 67586. JACKSON v. THE STATE.

BIRDSONG, Judge.
Roy Jackson was convicted of child molestation. He appeals, contending the evidence is insufficient to support a finding of guilt beyond a reasonable doubt in accordance with the rule in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); and, further, that the trial judge erred in failing to determine whether the appellant knowingly and intelligently waived his right to jury trial. *Held:*

1. The appellant's ten-year-old daughter, after being fully qualified as to her competency to testify, described in court the sexual molestation alleged. Some question may remain in this case, based on the child's description, as to the details of exactly what occurred; but if the child's testimony is believed, an incident of child molestation, as defined by OCGA § 16-6-4 (a), did occur beyond a reasonable doubt. The credibility of all witnesses is a question for the trier of

fact. *Johnson v. State,* 157 Ga. App. 155 (276 SE2d 667); *Wynn v. State,* 152 Ga. App. 479 (263 SE2d 258). Moreover, the child's testimony concerning an act of molestation does not stand alone in this case, but is rightly evaluated in light of the appellant's own statement that sometimes he would fantasize about his small daughters growing up and having sex, but that "I never sexually molested [my daughters]. I have a problem and I have turned to God to help me and I don't do this much anymore. . . . Sometimes I do things and don't realize what I am doing. I might have done something to [my child] and not remembered it but not on purpose. At times I've played with the girls and touched them. I might have touched [the victim] with a sexual desire but stopped myself before I went any further." Appellant admitted in court having made these statements and that they were true. There was also evidence that a day or two after the molestation occurred, the police were at appellant's house awaiting his return from work, but rather than inquire what the police might be doing at his home, appellant turned his car around and fled when he saw the police vehicle.

The evidence in this case is such that any rational trier of fact could have found the essential elements of the crime of child molestation beyond a reasonable doubt. Jackson v. Virginia, supra; *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171).

2. The record contains a formal waiver of his right to jury trial, signed by appellant. In open court on the day of trial, this waiver was filed by appellant's attorney, was recited by the court and was signed by the attorney as witness. Based on the reasoning in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274), appellant's new counsel on appeal contends that there should have been a showing in the record that the waiver of jury trial was intentionally and voluntarily made. By way of factual argument, he asserts only that "the present case in particular illustrates the problems that occur when an uneducated and unknowing client places his fate entirely in the hands of his attorney." This "argument" is inappropriate; no problems appear in this case except the obvious misfortune that the trial judge found appellant guilty. There is no hint in the record that as regards his waiver of jury trial appellant was an uneducated and unknowing client, and there should be no implication that his fate was crushed because he placed it entirely in the hands of his attorney.

We have neither an incomplete record in this case as in *Wooten v. State,* 162 Ga. App. 719 (293 SE2d 11), nor a "silent record" as described in Boykin, supra. This waiver of jury trial was signed by the appellant personally and not by his attorney, except as witness. See *Johnson v. State,* supra. There is, in fact, no allegation by the appellant that his written waiver of jury trial was not intentionally and voluntarily made. We find no error in the acceptance of the written

waiver at trial (see *Wooten,* supra; *Griggs v. State,* 159 Ga. App. 219 (283 SE2d 77); *Johnson,* supra), especially since the trial judge recited it at trial and the appellant did not demur. More to the point, we find this enumeration to be without merit as an allegation of error inasmuch as appellant does not show harm by contending that he in fact wanted a jury trial or that his waiver was unknowing. See *Griggs,* supra; *Johnson,* supra; and see *Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133), concerning the requirement of a showing of harm, even where an alleged error might rise to constitutional proportions.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 8, 1984.

*Bobby Lee Cook, Jr.,* for appellant.
*Stephen A. Williams, District Attorney,* for appellee.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*