## 41497. VAUGHAN v. BUICE et al.
(322 SE2d 282)

MARSHALL, Presiding Justice.

In this quia timet action, the trial court entered an order on July 7, 1983, granting summary judgment to the defendants-appellees. The plaintiff-appellant filed a timely notice of appeal on August 19, 1983. Counsel for the plaintiff received a statement of costs for preparation of the record no later than September 1, 1983. On October 25, 1983, the defendants filed a motion to dismiss the appeal pursuant to OCGA § 5-6-48 (c).

On November 18, 1983 — at least 79 days after having been informed of the costs, 23 days after the defendants filed their motion to dismiss the appeal, and three days prior to the hearing on the motion to dismiss — the plaintiff paid the costs.

The trial court found that the plaintiff testified that his failure to pay costs was primarily the result of "miscommunication" between his attorney and him, and the death of his father. The trial court also found that the evidence also indicated that the plaintiff made statements to the clerk to the effect that he had not paid the costs because he did not have the money; however, the plaintiff did not file a pauper's affidavit. The trial court, in the exercise of its discretion, found the reasons neither reasonable nor excusable, and dismissed the appeal.

" 'Where, as here, there is no transcript (none having been requested) and no agreed statement of the facts [is] furnished [OCGA § 5-6-41 (g)], the appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence (cit.) for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction. [Cit.]' [Cit.]" *Siegel v. General*

*Parts Corp.*, 165 Ga. App. 339 (2) (301 SE2d 292) (1983).

There being no abuse of discretion in this case, the judgment dismissing the appeal is affirmed.

*Judgment affirmed. All the Justices concur, except Smith, J., not participating.*

DECIDED NOVEMBER 16, 1984.

*Krebs & Associates, B. J. Roberts,* for appellant.

*Heyman & Sizemore, William H. Major, Shinall, Kell & Moseley, Harry M. Moseley, Boling & Rice, Larry H. Boling, Richard S. Gault,* for appellees.