### 71314. BOLES v. THE STATE.
(343 SE2d 729)

BEASLEY, Judge.

Boles appeals from the conviction and sentence for the offense of possession of marijuana with intent to distribute (OCGA § 16-13-30) and the overruling of his motion for new trial. Four alleged errors relate to his right to counsel. One relates to evidence which he claims put his character in issue, and one asserts error in the denial of the motion for new trial. The motion was based on the general grounds plus three of the counsel-related grounds but did not claim the fourth, that he was denied effective assistance of counsel, nor did it raise the character issue.

1. As to the character issue, Boles asserts for the first time on appeal that the court erred in admitting into evidence the results of the urinalysis test given by the sheriff's department, which showed some recent marijuana usage, and by permitting the state to question him concerning his use or nonuse of marijuana and his prior prison record. As a court for the correction of errors of law, we cannot consider for the first time on appeal any issue not raised in the trial court. *Mallory v. State*, 164 Ga. App. 569, 570 (1) (298 SE2d 290) (1982). Although it may be true that when a defendant is proceeding pro se, less stringent standards apply, Boles had counsel for the motion for new trial in which it could have been raised.

Moreover, the urinalysis established possession of marijuana, and one of the issues in the case was whether defendant knew of the presence of marijuana in the automobile. The same applies to the question concerning his use or nonuse of marijuana asked by the district attorney on cross-examination during defendant's testimony on his own behalf. The question related to a prior statement which the sheriff testified Boles had made upon arrest, denying that he smoked marijuana and giving defendant an opportunity to account for the marijuana evidenced in his urine sample. The testimony concerning his prior prison record for selling marijuana related to evidence involved in the very crime in question, as his co-defendant had stated that defendant gave him the marijuana to hide in his own clothing so that Boles would not get caught with it because he had just gotten out of

prison for selling marijuana.

And since the evidence corroborated the testimony of the co-defendant with regard to why he had it when it was defendant's, it was properly admissible on this score also. *Pressley v. State,* 162 Ga. App. 457, 458 (1) (291 SE2d 754) (1982). This evidence did not impermissibly put appellant's character in issue.

In addition, if looked at as separate from the crime charged, it was evidence of crime sufficiently similar or connected to the facts of the crime charged so as to be admissible to prove identity, motive, plan, scheme, bent of mind, or conduct. *Boyd v. State,* 168 Ga. App. 246, 251 (6) (308 SE2d 626) (1983). Since defendant denied knowledge and possession and, inherently, intent, it was relevant.

2. With respect to denial of the motion for new trial, defendant does not pursue here the denial based on the general grounds. Thus there is nothing for us to review on this score, although it is clear that the evidence supports the verdict. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. That brings us to the enumerations related to counsel.

When Boles appeared for arraignment four months after arrest, he was on bond, having been released the second day after arrest. The court inquired about counsel and defendant's ability to hire counsel. Although defendant was unemployed and said only that he was looking for a job when he got arrested and had last worked in November, he indicated that he had a college education. It appearing that defendant was able to work and to secure a job, and that he had no disabilities which would prevent it, the court declined to appoint counsel and advised Boles that he would have to employ one if he wanted one.

When the case was called for trial at the October term nearly six months later, defendant did not appear. Nor did he contact the court in any way in the interim regarding counsel. Defendant was found in his home state of Alabama, and an extradition warrant was issued in January 1985. When it was served on defendant, he responded and presented himself for trial. Again, no mention was made prior to trial that he desired the appointment of counsel.

The case came on this second time almost one year to the day from the date of arraignment, and defendant appeared without counsel but did not ask for the same. After the initial qualifications of the first panel of jurors were established, the district attorney asked the court for permission to assure that defendant wished to represent himself. At that point the defendant said he did not want to but could not afford an attorney. The only attempt he had made to obtain one was to have talked to several. The court did not appoint counsel at this time, being of the opinion that defendant was not entitled to free counsel since now he had had a whole year to work and hire one

and had not offered that he was unable to do so.

The voir dire commenced and the defendant asked his general questions, which were pertinent to the issue. When the first juror was called for individual voir dire, the district attorney asked the court for permission to approach the bench with Boles, which was given. The record shows as follows: "Thereupon the district attorney and Mr. Phillip Grady Boles, the defendant, approached the bench and discussion was held off of the record. Thereafter Mr. Julian Webb [who was in the courtroom] was appointed to assist the defendant in his case." The voir dire continued and questions were asked by both the district attorney and Boles, and thereafter a jury was selected and excused for the evening.

The next morning before court, Boles and the attorney discussed the latter's role in the case as well as the defense itself. Counsel ascertained that defendant did in fact wish to represent himself and the appointed attorney was to assist only in procedural matters. He testified at the hearing on the motion for new trial that defendant was "pretty well fixed in his own mind" so that he did not discuss with him further the advisability of doing so (the judge had warned Boles about this earlier). He testified that defendant "seemed to be pretty confident about himself as to what he had [in the way of defense] and what he could show. . . ." So the appointed attorney did not seek a continuance in the case, which he would have done if defendant did not then wish to represent himself. However, counsel testified that he knew of no further witnesses that could be called nor any other defenses presented, although he would like to have known in advance of the urinalysis and of the defendant's statement to the sheriff that he was not selling to school children.

So they went to trial that next morning with counsel in the role of only providing assistance to defendant who had decided to represent himself.

At trial, however, the appointed attorney took an active role and provided much more than advice on procedural matters. He presented the opening statement on behalf of defendant as well as the closing argument. He cross-examined all of the state's witnesses and conducted the direct examination of defendant. He made a motion for directed verdict and, after the jury found defendant guilty, the attorney spoke in defendant's behalf with respect to sentence.

The first error enumerated is in the failure of the court to appoint counsel at the arraignment. However, since it appeared that defendant was at liberty, employable, and college-educated, and that there was ample time before the case would be set for trial, he was not entitled to free counsel. " 'If the accused has means to employ counsel and is out upon bond, and has opportunity to secure counsel, and neglects or refuses to do so, the court is under no obligation or

duty to appoint counsel to represent him.' *Clarke v. Cobb*, 195 Ga. 633, 640 (24 SE2d 782)." *Scott v. State*, 151 Ga. App. 840, 841 (2) (262 SE2d 198) (1979).

The second error claimed is that the court failed to conduct a waiver rehearing to determine that he understood the dangers and disadvantages of proceeding pro se and knowingly and voluntarily waived his right to counsel. This, he contends, should have been done some time before the trial proceeded with defendant acting pro se. In the first place, this was made plain to defendant when the subject of his representing himself was brought up by the district attorney. The court said, "Mr. Boles, I think I should advise you that it's not a wise thing to undertake to represent yourself in court. Even a qualified lawyer doesn't do that, he gets somebody else to represent him." The court was making that statement in the context of a whole year having elapsed during which defendant had an opportunity to work and earn the funds necessary for an attorney. The court had one year earlier told defendant his circumstances would require him to hire an attorney if he wished one, and this defendant had the personal experience of trial before.

In addition, defendant did not proceed pro se until he had discussed representation with the appointed attorney and had elected to proceed himself. Under our state constitution, he had the right to do so. Ga. Const. 1983, Art. I, Sec. I, Par. XII. Thus, even if the court failed to conduct a specific waiver hearing, the circumstances clearly established that defendant knowingly and voluntarily waived his right to representation by counsel, both appointed and employed. As to employed counsel he waived it by not fulfilling his own obligation to provide one for himself, and as to appointed counsel, he declined the services for full representation by the appointed attorney. He has failed to show any error, and of course, error must be accompanied by harm if it is to be reversible. *Collins v. State*, 164 Ga. App. 482, 483 (2) (297 SE2d 503) (1982).

Defendant next complains that he was required by the court to proceed without benefit of counsel. That, of course, is belied by the circumstances described above. When offered counsel, he chose to proceed pro se but with appointed counsel's advice during the course of the trial.

The fourth complaint in this regard is that he was denied effective assistance of counsel. In the first place, he did not raise such an objection below, and thus we have nothing to review. *Williams v. State*, 251 Ga. 749, 809 (20) (312 SE2d 40) (1983). Secondly, the Supreme Court of Georgia has held that: "[W]hen a criminal defendant elects to represent himself, either solely or in conjunction with representation or *assistance* by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to

any stage of the proceedings wherein he was counsel." *Mullins v. Lavoie*, 249 Ga. 411, 412-413 (290 SE2d 472) (1982). (Emphasis supplied.)[1]

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 12, 1986 —
REHEARING DENIED APRIL 2, 1986 —

*Thomas H. Baxley*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.

---

[1] When *Mullins* was decided, our constitution still allowed the option to both represent oneself *and* be represented by an attorney. Ga. Const. 1976, Art. I, Sec. I, Par. IX. The practical troubles which result when two people are in charge are apparently what led to the demise of this as a constitutional right. See Minutes of the Select Committee on Constitutional Revision, Committee to Revise Article I (Section One) Transcript No. 4, at 59-63 (Oct. 25, 1979). The deletion of that right, however, does not affect the holding in *Mullins*, which was expressly couched to cover not only the situations where a defendant elects to represent himself alone or with an attorney as co-counsel or lead counsel, but also the fourth situation, where a defendant elects to represent himself with merely the assistance of an attorney as an advisor. *Mullins* had elected to use appointed counsel only as an advisor. Because of the cases cited and the context of the holding, it appears that it construes and applies both the U. S. Constitution, Sixth Amendment, and the 1976 Ga. Const., Art. I, Sec. I, Par. XI (now Par. XIV).