## 77586. LITTLE v. THE STATE.
(376 SE2d 232)

BANKE, Presiding Judge.

The appellant was convicted of possessing cocaine and marijuana with intent to distribute. The contraband was seized during the execution of a search warrant for a pool hall known as "J. R.'s Gameroom." When police arrived to execute the warrant, the appellant was seated inside an automobile parked in front of the pool hall. The appellant testified that he immediately exited the automobile and began walking to a nearby liquor store, whereupon a detective confronted him and ordered him to go into the pool hall. However, the detective testified that the appellant exited the vehicle and went inside the pool hall entirely on his own initiative.

Upon entering the pool hall, the appellant deposited a white rag on a countertop and walked away from it. Having observed this, one of the officers inspected the rag and discovered several plastic bags containing suspected marijuana wrapped inside it. A subsequent search of the appellant's person resulted in the discovery and seizure of several additional plastic bags and foil wrappers containing both cocaine and marijuana. The appellant was also found to be in possession of over a thousand dollars in cash. *Held:*

1. The appellant enumerates as error the denial of his pre-trial motion to suppress the contraband, contending that because he was not named in the search warrant, the officers were not authorized to search him. Initially, we reject the state's contention that the appellant waived this alleged error by failing to repeat his objection to the evidence when it was offered at trial. See *Kilgore v. State,* 247 Ga. 70 (274 SE2d 332) (1981). However, we must also reject the appellant's contention that the officers' authority to search him was dependent upon the wording of the warrant. The officer who discovered the marijuana inside the rag testified at the hearing on the motion to suppress that he observed the appellant enter the pool hall, place the rag on the counter, and walk away from it. Under the circumstances, the trial court was authorized to conclude that the appellant had relinquished interest in the rag to the extent that he no longer had a reasonable expectation of privacy in it, with the result that the examination of its contents did not violate his Fourth Amendment rights. Cf. *Bloodworth v. State,* 233 Ga. 589 (2) (212 SE2d 774) (1975). The court was accordingly authorized to conclude that the ensuing search of the appellant's person was a lawful search conducted incident to his arrest for possession of marijuana. See generally *Jackson v. State,* 111 Ga. App. 192, 194 (141 SE2d 177) (1965).

2. The appellant contends that the trial court erred in allowing the contraband to be introduced over his objection that the chain of custody had not been sufficiently established. In the alternative, he contends that the court should have given a jury charge on the chain-of-custody issue.

The trial court did not err in allowing the evidence to be introduced over the chain-of-custody objection. "Where the state seeks to introduce evidence of a fungible nature, it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. [Cit.] . . . The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible." *Palmer v. State,* 250 Ga. 219, 222 (3) (297 SE2d 22) (1982). We are unable to review the appellant's contention that the trial court erred in failing to give a jury charge on the chain-of-custody issue, inasmuch as he did not request any charge

on the issue in the trial court, nor, for that matter, has he suggested on appeal what charge would have been appropriate. See generally OCGA § 5-5-24 (b).

3. The trial court similarly did not err in failing to charge, without request, on simple possession as a lesser included offense. See generally *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976). We reject the appellant's contention that in the absence of such a charge the jury was without proper guidelines upon which to base a determination of guilt or innocence, with the result that the failure to give such a charge constituted "substantial error" which was "harmful as a matter of law" within the contemplation of OCGA § 5-5-24 (c). The court instructed the jury that the state was required "to prove every material allegation of the indictment and every essential element of the crime beyond a reasonable doubt." Thus, if the jurors believed that the appellant had been in knowing possession of the contraband but that he had entertained no intention of distributing it, they were obliged simply to find him not guilty. If the appellant had wished to provide the jury the option of finding him guilty of a lesser included offense under such circumstances, it was within his power to do so simply by submitting the appropriate request to charge. Having elected instead to pursue an "all or nothing" strategy, he will not now be heard to complain that the choice was made for him by the trial court.

4. The court's charge on reasonable doubt was neither confusing nor misleading, nor was it so incomplete as to constitute reversible error.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1988.

George M. Saliba, for appellant.

H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney, for appellee.