## A94A2094. DAVENPORT v. THE STATE.
(454 SE2d 536)

BLACKBURN, Judge.

Following a jury trial, the appellant, David L. Davenport, pro se, was found guilty of the offense of taking lost or mislaid property, and appeals such conviction.

1. Davenport first enumerates as error, the trial court's failure to establish that he knowingly, voluntarily, and intelligently waived his right to counsel in electing to proceed pro se.

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. The trial judge has the responsibility of determining whether the accused has intelligently waived his right to counsel. A strict standard must be applied to waiver of counsel and that constitutional waiver requires more than a comprehension of rights. There must also be a relinquishment of rights." (Citations and punctuation omitted.) *Williams v. State*, 192 Ga. App. 317, 318 (385 SE2d 877) (1989).

The record shows that Davenport expressed the desire to rep-

resent himself twice. On the first occasion, February 16, 1993, the trial court warned Davenport of the complexities of the criminal process and offered to appoint counsel for him in the event he lacked the resources to hire counsel individually. Likewise, the district attorney urged the benefits of experienced counsel on him, pointing out that representation by counsel would not foreclose his ability to testify on his own behalf. Notwithstanding the foregoing, Davenport told the trial court that he was an educated person and wished to represent himself. A second judge asked Davenport whether he wished to proceed pro se before jury selection began on September 20, 1993. Davenport again affirmed the desire to proceed alone. Nothing in the record suggests that Davenport lacked the capacity to decide to proceed pro se and no such claim has been made on appeal. Accordingly, we find this assignment of error to be without merit.

2. Davenport next enumerates that the trial court erred by adjudging him in contempt of court while *in the presence of the jury*. We agree, but we find it harmless in the circumstances of this case. Appellant, who has served the sentence imposed for the contempt finding, does not appeal same and it will not be addressed herein.

While the imposition of summary contempt and punishment therefore is not regarded with favor, whether exercised immediately or after trial, *Sacher v. United States*, 343 U. S. 1, 8-11 (72 SC 451, 96 LE 717) (1952), it is particularly tenuous in the presence of a jury since "[t]o summon a [party] before the bench and pronounce him guilty of contempt is not unlikely to prejudice [said party]." Id. at 10. In the instant circumstances, the trial court adjudged Davenport to be in contempt of court on four occasions for "testifying" in lieu of asking questions. The third and fourth of these holdings occurred in the presence of the jury during Davenport's cross-examination of the bank vice-president.

The jury should have been excused during the exchange between the judge and the pro se defendant. Under the facts of this case, however, the error was harmless, as the evidence strongly supported the verdict and it is unlikely that the contempt finding affected the result.

3. Davenport last enumerates as error the insufficiency of the evidence to support the verdict.

On December 12, 1991, Davenport deposited $95 in his checking account at the Wayne National Bank located in Jesup, Georgia. The bank, however, erroneously credited his account with a deposit in the amount of $9,500. After confirming the $9,500 amount in his account, Davenport promptly withdrew the money and closed his account. He told the bank that he had made the $9,500 deposit with a check from his grandmother. In discussing the matter with the bank after it discovered its error, Davenport admitted that the deposit had not been a

check from his grandmother and that the money was not his. Davenport offered to repay the money, and the bank closed the account with a negative balance of $1,751.70. Charges against Davenport were then brought when he failed to repay the bank.

We have reviewed all evidence of record and conclude that the jury was authorized under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to find the appellant guilty beyond a reasonable doubt.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 24, 1995 —
RECONSIDERATION DENIED FEBRUARY 9, 1995.

*Gordon & Hires, Ray S. Gordon, Jr.,* for appellant.
David L. Davenport, *pro se.*
*Glenn Thomas, Jr., District Attorney, James L. Corbett, Assistant District Attorney,* for appellee.