## A95A0720. MAY v. THE STATE.
### (457 SE2d 694)

McMURRAY, Presiding Judge.

Defendant May, represented by appointed appellate counsel, appeals his conviction of two counts of child molestation. *Held:*

We find no error in the trial court's determination that defendant validly elected to proceed pro se after being fully apprised of his right to appointed counsel and of the dangers of proceeding without counsel. In addition to defendant's appearance for trial, the record contains transcripts of the arraignment and of a motion hearing at which defendant was offered appointed counsel and warned of the hazards of proceeding without counsel. In each instance, defendant refused to accept appointed counsel and unequivocally voiced his choice to proceed pro se. The cumulative record shows that queries were made as to defendant's reasons for proceeding pro se, whether he had ever seen a psychiatrist or psychologist, his ability to read and write, and his education and work background. He was informed of the possible sentence for the charges set out in the indictment and the hazards of proceeding without counsel were repeatedly discussed in detail. Defendant was repeatedly told in no uncertain terms that proceeding pro se was a bad idea and usually produced unfavorable results for a defendant. Although the trial court was aware of defendant's repeated refusal to accept the services of an attorney, immediately prior to trial defendant was once more offered appointed counsel and advised of the advantages of having an attorney. Defendant steadfastly adhered to his decision to proceed pro se and the trial court noted for the record his finding that defendant had validly chosen to proceed pro se. *Clarke v. Zant,* 247 Ga. 194, 197 (275 SE2d 49). Any deviation from the specific procedures established in *Clarke v. Zant,* supra, does not require reversal since the record clearly shows compliance

with the substance of those procedures, particularly that defendant was made aware of his right to counsel and of the dangers of proceeding without counsel. *Harris v. State*, 196 Ga. App. 796 (1) (397 SE2d 68). See also *Stevens v. State*, 199 Ga. App. 563, 565-566 (405 SE2d 713) and *Singleton v. State*, 176 Ga. App. 733 (337 SE2d 350).

Nor may the defendant establish error in the trial court's allowing him to proceed pro se by showing issues which were not preserved for appellate consideration because he failed to raise timely motions or objections at trial. This of course is the very hazard of which defendant was repeatedly warned and the root cause of any harm therefrom arises not from the trial court but from defendant's decision to exercise his right to represent himself at trial. It is impermissible to force counsel upon an accused who has validly waived counsel and elected to proceed pro se. *Hayes v. State*, 203 Ga. App. 143, 144 (2) (416 SE2d 347).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 10, 1995.

*Darel C. Mitchell*, for appellant.

*Daniel J. Porter, District Attorney, Pamela D. South, Assistant District Attorney*, for appellee.