## A98A2133. ROBERSON v. THE STATE.
(512 SE2d 919)

RUFFIN, Judge.

A jury found Alvin Roberson guilty of aggravated assault, possession of a firearm during the commission of a crime, and carrying a weapon on school property. Roberson appeals, contending that (1) the trial court erred in charging the jury; (2) he received ineffective assistance of counsel; and (3) the trial court erred in denying his motion for new trial. Since Roberson's arguments lack merit, we affirm.

The record shows that on April 11, 1995, a fight broke out at Lucy Laney High School between Roberson and Greg Gibbons. According to Greg, Roberson was the aggressor. Greg's two brothers, James and Frederick, were present and broke up the fight. Greg testified that after his brothers stopped the fight, Roberson picked up a gun that had fallen out of his pants during the fight. Roberson first pointed the gun at James before turning the gun towards Greg.

---

Thinking that Roberson was going to pull the trigger, Greg ran into a classroom with James. After Frederick asked Roberson why he had a gun, Roberson ran out of the school.

1. In two enumerations of error, Roberson contends the trial court gave erroneous jury charges on reasonable doubt and on the testimony of an accused.

(a) With regard to reasonable doubt, the trial court charged the jury that "[a] reasonable doubt means just what it says. It is the doubt of a fair minded, impartial juror, honestly seeking the truth. It is a doubt based upon common sense and reason. It does not mean a vague or arbitrary doubt, but is a doubt for which a reason can be given, arising from a consideration of the evidence, a lack of evidence, a conflict in the evidence, or a combination of these things." According to Roberson, this charge violates his presumption of innocence because it suggests that reasonable doubt must "arise" from the evidence when, in fact, it exists before any evidence is presented. This argument is without merit.

It is well-established that "[t]he charge to the jury is to be taken as a whole and not out of context when making determinations as to correctness of same. . . . Further, it is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required." (Citations and punctuation omitted.) *Mitchell v. State*, 225 Ga. App. 26, 28-29 (2) (482 SE2d 419) (1997). Prior to charging the jury on reasonable doubt, the trial court instructed the jury that "[t]his defendant is presumed to be innocent until proven guilty. The defendant enters upon the trial of the case with a presumption of innocence in his favor. This presumption remains with the defendant until it is overcome by the state with evidence." Considering the charge as a whole, we find the jury was properly instructed both on the presumption of innocence and on reasonable doubt. Moreover, we note that both this Court and the Supreme Court of Georgia have approved the language used by the trial court in instructing the jury on reasonable doubt. See *Baldwin v. State*, 264 Ga. 664 (449 SE2d 853) (1994); *Edwards v. State*, 214 Ga. App. 383 (448 SE2d 51) (1994).

(b) Roberson also cites as error the trial court's charging the jury that "when the accused testifies, he at once becomes the same as any other witness. His credibility can be tested by and subjected to the same tests reasonably applied to any other witness. The defendant in this case did not testify, so that section of the code that I just read you, would not be applicable in this case." According to Roberson, this instruction was tantamount to a comment on his failure to testify. We disagree.

When it comes to jury charges, "[n]ot all error is reversible, and

if the judge uses language in his charge, although erroneous, it is not a ground for a new trial if such error is harmless." *Campbell v. State*, 81 Ga. App. 834, 835-836 (1) (60 SE2d 169) (1950). In determining whether the error was harmful, we look to the charge as a whole. See *Whitt v. State*, 257 Ga. 8, 9 (3) (354 SE2d 116) (1987).

In this case, prior to charging the jury on the testimony of an accused, the trial court instructed the jury that "the defendant in a criminal case is under no duty to present any evidence tending to prove his innocence. He is not required to take the stand and testify in the case. If the defendant elects not to testify, no inference, hurtful, harmful, or adverse to the defendant, shall be drawn by the jury. Nor shall such fact be held against the defendant in any way." Viewed as a whole, we find that the charge properly informed the jury that no adverse inference could be drawn from Roberson's failure to testify. Therefore, we find no harmful error in the trial court's apparent misstatement in instructing the jury on the testimony of an accused or in the trial court's attempt to cure the error by clarifying that Roberson did not testify.

2. Roberson also asserts that he was denied effective assistance of trial counsel based on his attorney's failure to object to the two above-referenced jury charges. "To establish ineffective assistance, one must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Punctuation omitted.) *Perkins v. State*, 226 Ga. App. 613, 617 (3) (487 SE2d 365) (1997). Since we have rejected Roberson's contentions that the jury charge, as a whole, was harmful, his ineffective assistance claim must fail.

3. In his final enumeration of error, Roberson contends the trial court erred in denying his motion for new trial. In support of this contention, Roberson provides no new argument or authority, but merely incorporates his arguments relating to his other enumerations of error. Accordingly, this enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 25, 1999.

*Stanley C. House*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.