## A99A2218. BRASWELL v. THE STATE.
(523 SE2d 904)

ELLINGTON, Judge.

Following a bench trial at which she represented herself, Beverly Braswell was convicted of two counts[1] of deposit account fraud, OCGA § 16-9-20, and was sentenced to serve four months in jail and the remainder of her two consecutive twelve-month terms on probation. Because the record is silent as to whether Braswell knowingly and voluntarily waived her right to counsel, we reverse.

On March 25, 1999, Braswell was brought to trial in Decatur County State Court. The transcript reflects that the trial court did not ask Braswell a single question about her need for counsel or her readiness for trial. The solicitor presented five witnesses, whom Braswell briefly and artlessly cross-examined. In her defense, Braswell called one witness, Alice Love. When Braswell attempted to examine this witness, the solicitor and the judge informed the witness that her self-incriminatory testimony could result in her immediate arrest and prosecution. Braswell made no objections during the trial, she presented no physical or documentary evidence, and her argument at sentencing consisted of statements like: "Dear God, please. Can I say something to my son? Please Lord. Can I give him my keys? Oh, my God. I can't believe this."

1. A defendant put on trial for any offense, felony or misdemeanor, for which imprisonment is a penalty, has a constitutional right to counsel which may be waived only by voluntary and knowing action. *Rutledge v. State*, 224 Ga. App. 666, 669 (482 SE2d 403) (1997); *Callaway v. State*, 197 Ga. App. 606, 607 (398 SE2d 856) (1990). The trial judge has the duty of determining whether the defendant has voluntarily and knowingly waived the right to counsel and validly elected to exercise the alternative right to proceed pro se. *Burnett v. State*, 182 Ga. App. 539, 540 (356 SE2d 231) (1987); *McCook v. State*, 178 Ga. App. 276-277 (342 SE2d 757) (1986). When a defendant elects to represent himself, the record should reflect a finding by the trial court that he has validly chosen to proceed pro se. The record should also show that the defendant made this decision after being informed of the right to counsel and the dangers of proceeding without counsel. *Clarke v. Zant*, 247 Ga. 194, 196-197 (275 SE2d 49) (1981); *Burnett v. State*, 182 Ga. App. at 540. "When the record is silent, waiver is never presumed[,] and the burden is on the state to present evidence of a valid waiver." *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984); see also *Kirkland v. State*, 202 Ga. App. 356, 357-358 (414 SE2d 502) (1991).

---

[1] Braswell was charged in a four-count accusation of presenting four bad checks, three of which were payable to grocery stores, for a total of less than $500.

The State argues that it has met its burden of showing a valid waiver. The solicitor points to a lengthy, pre-printed document which is titled "Rights and Information Form" and which Braswell signed. The document informed Braswell of her right to counsel, the right to appointed counsel if she could not afford an attorney, and the right to represent herself. Implicitly acknowledging that Braswell is illiterate, the solicitor states in his brief that Braswell's son read this document to her on March 18, 1999 (a week before trial) and that she had no questions. The solicitor noted this event on the face of the document, and he initialed it. While this may be evidence that Braswell was *informed* of her right to counsel by the solicitor, her adversary, it is hardly evidence that the trial judge fulfilled his duty to determine whether Braswell knowingly *relinquished* that right:

> The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.

(Citations and punctuation omitted.) *Hamilton v. State*, 233 Ga. App. 463, 466 (1) (b) (504 SE2d 236) (1998).

The trial transcript shows that Braswell's efforts at defending herself were minimal and misguided. Although the State presented strong evidence of Braswell's guilt, we cannot conclude under these circumstances that the error was harmless. See *Hamilton v. State*, 233 Ga. App. at 469 (1) (d); *McCall v. State*, 232 Ga. App. 684, 686-687 (503 SE2d 578) (1998).

2. Because we reverse the convictions and remand for a new trial, we do not address Braswell's remaining enumeration of error.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 21, 1999.

*Ronnie J. Lane*, for appellant.
*Kirbo & Kendrick, Ben Kirbo*, for appellee.