## A99A2246. BROOKS v. THE STATE.
(532 SE2d 763)

ELDRIDGE, Judge.

Dennis Brooks was charged with misdemeanor simple battery for making "physical contact of an insulting and provoking nature" with his ex-girlfriend, who is also the mother of his children. A Decatur County jury found him guilty as charged. Without contesting the

sufficiency of the evidence against him, he alleges that three errors of law require reversal on appeal. We have reviewed Brooks' errors as alleged and find them meritless. Accordingly, we affirm.

By way of background, Brooks is an "experienced" criminal defendant who, at the time of trial, had two prior felony convictions and one prior simple battery conviction, the same offense for which he was convicted in the instant case. Consequently, Brooks is familiar with the criminal legal process, with legal representation, and with the consequences of conviction. He chose from the outset of this case to represent himself. Brooks was given a "Rights and Information Form" used for state court misdemeanor cases. This form outlined Brooks' rights when charged with a misdemeanor criminal offense — a situation with which he was familiar — including his options with regard to the entry of a plea; the possible punishments and sentences; and his right to assistance of counsel, which included that "[y]ou also have the right to represent yourself in connection with the charge and waive your right to be represented by a lawyer. You should be aware, however, that representing yourself, particularly at a trial, has dangers and risks." The form instructed Brooks that "[y]ou should read this form very carefully and ask questions about anything that you do not understand."

Brooks read the form himself. A handwritten notation on the face of the form was made and initialed by Ben Kirbo, Solicitor General of Decatur County State Courts. The Solicitor General asserted on the form, filed as a matter of record, that Brooks read the form; Brooks *understood* the form; and Brooks had no questions about the contents.

Brooks and the Solicitor negotiated a guilty plea. Brooks signed a guilty plea waiver form acknowledging, inter alia, "I understand my right to be represented by a lawyer and to have a lawyer appointed if it is determined that I am not able to hire a lawyer" and "I am not represented by a lawyer, and I freely and voluntarily waive the benefit of being represented by a lawyer and choose to represent myself in connection with these charges." In addition, Brooks acknowledged that "I have been advised of the nature of the charge against me, the maximum punishment therefor, and acknowledge receipt of a copy of the accusation in said case." However, apparently facing prison time as a recidivist regardless of plea or trial, Brooks withdrew his guilty plea and opted for trial.

At trial, Brooks had the aid of defense attorney Wayne Lambert through, at minimum, voir dire and jury selection. On the record, Lambert took an active role, including informing the trial court that he and Brooks had no follow-up voir dire questions and that "We're prepared" to strike a jury, which they subsequently did. Brooks then conducted the rest of the trial pro se. He presented opening argu-

ment, cross-examined the two State's witnesses, conducted direct examination of the witness he called, exercised his right to testify on his own behalf, and presented closing argument. *Held*:

1. In his first enumeration of error, Brooks, who has secured legal counsel on appeal, contends that the trial court failed to make a determination *on the record* that he knowingly waived his right to legal representation, with an understanding of the consequences of such waiver, pursuant to the Supreme Court's decision in *Clarke v. Zant*, 247 Ga. 194, 196-197 (275 SE2d 49) (1981). Under the facts of this case, we will not reverse on this ground.

(a) In order for a waiver of counsel to be valid, no "magic language" need be used and the trial court does not have to ask any particular questions. *Wayne v. State*, 269 Ga. 36, 38 (495 SE2d 34) (1998). The *record* need only reflect that the accused was aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver. *Simpson v. State*, 238 Ga. App. 109, 112 (517 SE2d 830) (1999).

The dissent would have that a trial judge's failure to articulate "on the record" a specific finding that a defendant knowingly waived his right to counsel is error per se, regardless of the facts and circumstances of a particular case. However, while such specific finding is preferable, its omission is not error when the *record* as a whole demonstrates a defendant's knowing waiver. See *Flantroy v. State*, 231 Ga. App. 744, 745 (2) (501 SE2d 10) (1998); *May v. State*, 217 Ga. App. 427, 428 (457 SE2d 694) (1995); *Harris v. State*, 196 Ga. App. 796 (1) (397 SE2d 68) (1990); *Evans v. State*, 192 Ga. App. 832, 833 (386 SE2d 712) (1989); *Singleton v. State*, 176 Ga. App. 733 (337 SE2d 350) (1985); *Callahan v. State*, 175 Ga. App. 303, 304-305 (333 SE2d 179) (1985). Instead,

> [W]e find the Supreme Court has decided against specific guidelines outlining information that must be provided to defendants in order to demonstrate that they were adequately advised of the dangers of proceeding pro se. Instead, the analysis of whether a defendant has been sufficiently warned about the dangers of self-representation will turn on the peculiar facts and circumstances of each case.

*Simpson v. State*, supra at 112. See also *Wayne v. State*, supra at 38; *McDowell v. State*, 239 Ga. App. 667, 669 (522 SE2d 44) (1999). This analysis includes "the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461) (1938); *Davenport v. State*, 216 Ga. App. 259 (454 SE2d 536) (1995).

In that regard:

(i) The record including the waiver form shows that Brooks was informed — and understood — that self-representation at trial was dangerous and that Brooks elected to "freely and voluntarily waive the benefit of being represented by a lawyer and choose to represent [him]self in connection with these charges."[1] Moreover, the waiver form is not the only basis in the record for finding waiver, as was the situation in the cases upon which the dissent relies.

(ii) The record further shows that Brooks was familiar with the legal system and legal representation as a criminal defendant with three prior criminal convictions; he had experience with the criminal. legal process and understood the consequences of criminal conviction. Accord *Clarke v. Zant*, supra at 196-197.[2]

(iii) Further, the record shows that "[t]his is not a case where a defendant stood trial alone with no assistance or protection of his rights," since Brooks had the aid of defense attorney Lambert before electing to take over his own defense during trial. *Clarke v. Zant*, supra. And it is not simply speculation to assume that Lambert did not just "disappear" from this case, as the dissent suggests. There is a presumption of regularity with regard to court proceedings. *Vaughan v. Buice*, 253 Ga. 540 (322 SE2d 282) (1984). The Sixth Amendment "relies . . . on the legal profession's maintenance of standards sufficient to justify the law's presumption that counsel will fulfill the role in the adversary process that the Amendment envisions." *Strickland v. Washington*, 466 U. S. 668, 688 (104 SC 2052, 2064, 80 LE2d 674) (1984). In that regard, once undertaking representation of Brooks in a legal matter, Lambert could not just abandon the case without input from Brooks.[3] In this case,

---

[1] If the *only* evidence of Brooks' knowing and voluntary election to proceed pro se was the "Rights and Information Form," the waiver would be insufficient. The form does not go far enough. In order for the State to use a pretrial waiver form to show that a defendant has intelligently elected to represent himself after being advised of his right to counsel and the "dangers" of waiver, the form should outline those pertinent dangers: such as (1) the possibility of a jail sentence; (2) the rules of evidence will be enforced; (3) strategic decisions with regard to voir dire and the striking of jurors must be made by defendant; (4) strategic decisions as to the calling of witnesses and/or the right to testify must be made by defendant; and (5) issues must be properly preserved and transcribed in order to raise them on appeal. See *Hamilton v. State*, 233 Ga. App. 463, 468 (504 SE2d 236) (1998). A proper waiver form should contain the warnings, themselves, not just conclusions. Id. at 469. Also, ideally, the form should be signed by the defendant *and* by the trial court.

[2] Compare *Hamilton v. State*, supra (defendant was inexperienced with the legal system, legal representation, the consequences of conviction and had not consulted with an attorney prior to trial); and *Braswell v. State*, 240 Ga. App. 510 (523 SE2d 904) (1999) (defendant was illiterate, could not read the waiver form, had not stated she understood the form, and had not consulted with a defense attorney prior to the waiver of such services).

[3] Bar Rule 4-102: Standard 44 (lawyer shall not wilfully abandon or disregard a legal matter entrusted to him); 22 (lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client).

> [w]e do not question that a defendant has the right to counsel, but he had it in this case and voluntarily gave it up. His right to counsel is not superior to the state's right to try him for the criminal offenses and does not include the right to manipulate, whether consciously or capriciously, the state's attempt in good course to prosecute him for the offenses.

(Citations and punctuation omitted.) *Strozier v. State*, 171 Ga. App. 703, 704-705 (320 SE2d 764) (1984).

(iv) In addition, Brooks — or someone aiding his interests during trial — requested that the entire misdemeanor proceeding be transcribed, thereby preserving Brooks' appellate rights. Compare *Hamilton v. State*, 233 Ga. App. 463, 468 (504 SE2d 236) (1998).

From the record, Brooks voluntarily and intelligently elected to represent himself. Any deviation from the specific procedures established in *Clarke v. Zant*, supra, does not require reversal since the record shows "that [Brooks'] choice was made after he was aware of his right to counsel and that he was aware of the dangers of proceeding without counsel." *Harris v. State*, supra at 796 (1); *May v. State*, supra at 428.

(b) Moreover, regardless of waiver, Brooks' claim is subject to a harmless error analysis. *Clarke v. Zant*, supra at 197. While the State has the burden to show that any error was harmless beyond a reasonable doubt, the trial record speaks for itself. "[U]nless there is a reasonable possibility that the [error] contributed to the conviction, reversal is not required." *Schneble v. Florida*, 405 U. S. 427, 432 (92 SC 1056, 31 LE2d 340) (1972); *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Here, no prejudice whatsoever to Brooks has been alleged or shown, and harm as well as error must be shown to warrant reversal. *Herrin v. State*, 229 Ga. App. 260, 261 (1) (493 SE2d 634) (1997).

The transcript shows that the trial of this case was straightforward. The State's case against Brooks consisted of the testimony of the victim, Brooks' ex-girlfriend, stating her version of events. The defense consisted of Brooks' denial of the victim's story and Brooks' recitation of his adaptation. Thereafter, Brooks was subjected to an 11-question cross-examination by the Solicitor that simply allowed him to reiterate that he did nothing wrong, e.g., "[Q:] You didn't shove her down in the chair? [A:] No, I didn't."

The only other State's witness was the police officer called to the scene who, during the 13 questions that comprised his direct examination, testified that he had no personal knowledge of what occurred, did not remember the incident, and was only relating what the victim had told him. He testified that the victim had marks on her neck that she claimed had been made when Brooks choked her. The only other

defense witness testified that the marks on the victim's neck were "passion" marks that he had seen on her the day before the incident.

In toto, the trial comprised 40 pages of transcript, including opening, closing, the charge of the court, and the verdict. The jury believed the victim. As much as we may value our profession, there is absolutely nothing in the record to indicate that, if Brooks had been represented by a lawyer, the outcome would have been affected. Thus, the record does not show harm.

And perhaps most importantly, Brooks does not claim that it does. Neither in this Court nor in the court below, has Brooks ever claimed that he was prejudiced by not having a lawyer. Brooks has never claimed that he ever wanted a lawyer or that he would have wanted one if the trial court had made a determination of Brooks' waiver "on the record." Brooks does not claim that he did not, in fact, waive the rights about which he now complains or that such waiver was unknowing. The dissent makes all of these claims for him. However, this Court is not at liberty "to change its role from disinterested decision-maker to appellate advocate reviewing a trial record for error." *Rowland v. State*, 264 Ga. 872, 874 (1) (452 SE2d 756) (1995).[4]

Brooks' claim of error is purely a procedural one, i.e., that the trial court erred by failing to specifically determine *on the record* that Brooks knowingly waived his right to counsel. Thus, "we find this enumeration to be without merit as an allegation of error inasmuch as appellant does not show harm by contending that he in fact wanted a [lawyer] or that his waiver was unknowing." *Jackson v. State*, 170 Ga. App. 172, 174 (316 SE2d 816) (1984). Clearly, reversal of a jury's verdict is unwarranted when based on the premise that a lawyer could have "made a difference" without Brooks making a claim of such. And without some little bit of evidentiary support from the record that there was, in fact, a difference to be made. We have neither the claim nor the evidence before us. As such, this Court will

---

[4] The dissent, *not Brooks*, alleges prejudice in the fact that during Brooks' brief cross-examination of his ex-girlfriend, the trial court was forced to admonish him three times not to argue with her about their children, which had nothing to do with the indicted offense. However, such admonitions do not provide a vehicle where a new trial can be obtained because the jury's verdict was somehow "tainted" thereby. See, e.g., *Mitchell v. State*, 271 Ga. 242, 243-244 (4) (516 SE2d 782) (1999). The trial court's comments to Brooks were appropriate and intimated no opinion with regard to the case or Brooks' guilt or innocence. OCGA § 17-8-57. There is no evidence of record that the jury was influenced by anything other than the evidence and the charge that the court gave to them, as follows: "[i]n considering this case you must follow the law that I give you, apply this law to the evidence as you find it to be in this case and a true verdict reach. You must not be swayed by prejudice, sympathy, or any other sentiment for or against either the State or the Defendant." Qualified jurors under oath are presumed to follow the instructions of the trial court. *Gomillion v. State*, 236 Ga. App. 14, 18-19 (512 SE2d 640) (1999). There is nothing about the trial court's admonitions or Brooks' self-representation that would overcome this presumption, especially since Brooks does not claim that it does.

not manufacture prejudice *for* Brooks by unbidden, unsubstantiated speculation about what might have happened had a lawyer been involved. "Harm cannot be shown by mere speculation and conjecture unsupported by the record." *Evans v. State*, 233 Ga. App. 879, 880 (506 SE2d 169) (1998).

This was a straightforward swearing contest. Brooks had his version, and the victim had hers.[5] As succinctly put by the Solicitor during closing argument, "One person says it happened; one person says it didn't happen. Y'all are going to have to decide. . . ." The jury decided. Thus, assuming arguendo that the record fails to sufficiently show waiver of the right to counsel, any such error would be harmless because it is highly "unlikely that defendant's [conviction was] attributable to his decision to represent himself." *Reviere v. State*, 231 Ga. App. 329, 331 (498 SE2d 332) (1998); *Lazenby v. State*, 181 Ga. App. 854, 855 (354 SE2d 196) (1987).[6] Accordingly, there is no reasonable possibility that the error, if one, contributed to the conviction, and reversal is not required. *Schneble v. Florida*, supra at 432; *Johnson v. State*, supra at 61.

2. We find no reversible error in the prosecutor's closing comment, "I think the evidence is abundantly sufficient for you to return your verdict to the charge of simple battery guilty against Mr. Dennis Brooks. Thank you." While the argument would have been better framed without the use of the pronoun "I," the prosecutor's comment cannot reasonably be taken as a personal opinion by the prosecutor as to Brooks' guilt. Viewing the prosecutor's closing argument as a whole, the argument about which Brooks complains was an inartful comment on the State's evidence as sufficient to support a finding of guilt, which is appropriate. "Although the prosecuting attorney is prohibited from stating his personal opinion, he may make permissible inferences from the evidence." (Punctuation omitted.) *Bowen v. State*, 203 Ga. App. 371, 374 (417 SE2d 18) (1992); see also *Hildebrand v. State*, 209 Ga. App. 507, 509-510 (433 SE2d 443) (1993).

3. "The court's charge on reasonable doubt was neither confusing nor misleading, nor was it so incomplete as to constitute reversible error." *Little v. State*, 189 Ga. App. 451, 453 (4) (376 SE2d 232) (1988). Taken as a whole, the trial court's charge conveyed to the jury the applicable principles of presumption of innocence and reasonable doubt. *Baldwin v. State*, 264 Ga. 664 (449 SE2d 853) (1994); *Edwards*

---

[5] The fact that this was essentially a two-witness swearing contest makes puzzling, at best, the dissent's assertion that a lawyer could have "objectively evaluated and advised" whether it would be in Brooks' best interest to testify in this case.

[6] See also *Pruitt v. State*, 270 Ga. 745, 752-753 (514 SE2d 639) (1999); *Gamble v. State*, 235 Ga. App. 777, 782 (510 SE2d 69) (1998); *Sanders v. State*, 226 Ga. App. 650, 653 (487 SE2d 442) (1997); *Boles v. State*, 178 Ga. App. 508, 511 (343 SE2d 729) (1986).

*v. State*, 214 Ga. App. 383 (448 SE2d 51) (1994). The single omitted portion of the standard charge about which Brooks complains was that portion which aids the State in defining its burden of proof, and such omission in no way harmed Brooks.[7] See *Roberson v. State*, 236 Ga. App. 654, 655 (1) (a) (512 SE2d 919) (1999).

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Pope, P. J., and Blackburn, P. J., concur. Barnes and Phipps, JJ., dissent.*

BARNES, Judge, dissenting.

I respectfully dissent because (1) existing precedent dictates that the trial court erred when it failed to make any determination, on the record, that Brooks voluntarily and knowingly waived his right to counsel, (2) the majority fails to employ the proper analysis of constitutional error, i.e., was the error harmless beyond a reasonable doubt, and (3) the trial court's error was not harmless beyond a reasonable doubt. Because the majority opinion also relies upon speculation and overstates the facts shown by the record, this dissent must also include a summary of the facts.

## I. The Facts

The State contends in its brief that "the Solicitor" inquired, prior to any plea, whether Brooks had read and understood a "Rights and Information Form." The State further alleges that a notation that Brooks had read and understood the form was made on the face of the form. Although there is a handwritten notation "Read Understood No Questions 1/19/99" on the form, followed by illegible initials, there is no evidence in the record showing, as the majority states, that "Ben Kirbo, Solicitor General of Decatur County State Courts," wrote this notation. Likewise, the record does not contain the alleged conversation between the solicitor and Brooks outlined in the State's brief. Nor does it show that this notation was made by or in the presence of the trial court. Finally, this form was never signed by Brooks.

The majority points to another form titled "Record of Plea" that was also signed by Brooks on January 19, 1999. It omits the fact that because Brooks did not go through with the guilty plea, the trial court never signed the following portion of the preprinted form:

## FINDINGS BY THE COURT

I have satisfied myself that this Defendant's plea(s) of guilty and/or nolo contendere is/are free and voluntary and he/she

---

[7] It does not mean a vague or arbitrary doubt, but is a doubt for which a reason can be given, arising from a consideration of the evidence, a lack of evidence, a conflict in the evidence, or any combination of these. See *Baldwin v. State*, supra at 664.

is in possession of his/her faculties and is able to understand the nature and consequences of his/her plea(s). *I have also determined that this Defendant understands he/she has the right to assistance of counsel at this plea proceeding, and if not represented, knowingly, voluntarily, and intelligently waived that right.* I have further determined that any waiver of jury trial by this Defendant is made knowingly, voluntarily and intelligently. The Court is satisfied that there has been a sufficient factual basis shown for acceptance of this/these plea(s) and that the Defendant understands the consequences of the plea(s).

(Emphasis supplied.) Finally, the majority neglects to mention that both the record and the transcript of the trial show no discussion whatsoever between the trial court and Brooks about his decision to represent himself. Instead, the trial court simply asked him if he planned to present any witnesses and whether he intended to testify at the beginning of the trial. When Brooks replied that he did plan to testify, the trial court instructed that the oath be administered to him and started the trial.

## II. The Trial Court's Error

In 1981, our Supreme Court held that in all future cases where a criminal defendant represents himself, "the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se." *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981).

The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.

(Citations and punctuation omitted.) *Hamilton v. State*, 233 Ga. App. 463, 466 (1) (b) (504 SE2d 236) (1998).

In *Braswell v. State*, 240 Ga. App. 510 (523 SE2d 904) (1999), we addressed whether a trial court erred when it failed to abide by this mandate. In *Braswell*, as in this case, "[t]he transcript reflects that the trial court did not ask [the defendant] a single question about [his] need for counsel or [his] readiness for trial." Id. The State in *Braswell* also argued that a lengthy preprinted document signed by the defendant demonstrated a valid waiver of the right to counsel.

We rejected this argument, finding that although the documents were evidence that the defendant "was *informed* of her right to counsel by the solicitor, her adversary, it is hardly evidence that the trial judge fulfilled his duty to determine whether Braswell knowingly *relinquished* that right." (Emphasis in original.) Id. at 511.

Likewise, in *Strozier v. State*, 187 Ga. App. 16, 17 (1) (369 SE2d 504) (1988), we held that a trial court erred when it failed to make a determination on the record that the defendant in a criminal trespass case had voluntarily and knowingly chosen to proceed pro se. In *Strozier*, we found the trial court erred by not making the required determination, even though the defendant signed a "waiver of counsel" form that stated:

> I, the undersigned, defendant in the above stated matter, having been fully acquainted with my right to counsel, fully understand my rights involved, do desire not to be represented by counsel and do hereby waive my right to counsel fully and completely in these proceedings.

Id. at 16.

The evidence in this case shows only that Brooks *may* have understood that he had a right to counsel and wanted to represent himself in connection with a guilty plea. It also shows that the trial court did *not* follow the mandate of our Supreme Court to make a determination *on the record* that Brooks knowingly, voluntarily, and intelligently relinquished his right to counsel to assist him at trial. See *Clarke*, supra; *Braswell*, supra. This court has consistently found error as a result of a trial court's failure to determine, *on the record*, that a defendant has validly chosen to proceed pro se. See id.; *McCall v. State*, 232 Ga. App. 684, 686 (1) (503 SE2d 578) (1998); *Black v. State*, 194 Ga. App. 660 (1) (391 SE2d 432) (1990); *Strozier*, supra. The majority's failure to do so in this case creates an irreconcilable conflict in our law and ignores the requirement in *Clarke*, supra, that "the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se." Id. at 197.

The majority achieves this result by relying upon general language that the determination of whether there has been a valid waiver depends upon the particular facts and circumstances of each case to find that there was a valid waiver in this case. However, in each of the cases cited by the majority for this proposition, the trial court made some determination *on the record* that it would be appropriate, or inappropriate, for the defendant to proceed pro se. See *Wayne v. State*, 269 Ga. 36, 37 (2) (495 SE2d 34) (1998); *McDowell v. State*, 239 Ga. App. 667, 668-669 (1) (522 SE2d 44) (1999); *Williams v. State*, 183 Ga. App. 373, 374 (1) (358 SE2d 914) (1987); *Davenport*

*v. State*, 216 Ga. App. 259 (454 SE2d 536) (1995). Thus, the issue before the reviewing courts in these cases was whether the trial courts adequately carried out their duty to determine that the defendants validly waived their right to counsel.

Not one of these cases holds, as the majority does now for the first time, that no error results from a trial court's failure to determine, *on the record*, that the defendant has knowingly, voluntarily, and intelligently relinquished his right to counsel to assist him at trial. By doing so now, the majority nullifies our Supreme Court's mandate in *Clarke*, supra.

The four factors used by the majority to find a valid waiver in this case are also flawed. First, the majority itself acknowledges, based upon *Hamilton*, supra, that the forms signed by Brooks were insufficient standing alone to demonstrate a valid waiver. However, based on the following three additional factors, the majority finds sufficient evidence of a valid waiver: Brooks was an experienced criminal defendant with three previous convictions, he allegedly had the assistance of an attorney during the trial, and Brooks, or someone aiding him, allegedly ordered a transcript of the trial that preserved his appellate rights. Since the last two factors are based on pure speculation[8] and should be considered only when evaluating harmless error, the majority, in essence, finds a valid waiver of a defendant's right to counsel simply because he has a criminal record.

### III. The Proper Standard for Evaluating Harmless Error

The majority uses the wrong standard to evaluate whether the trial court's error was harmless, finding any error by the trial court "harmless because it is highly unlikely defendant's conviction was attributable to his decision to represent himself." The proper analysis in a case involving constitutional error is whether the error was harmless beyond a reasonable doubt. See *Eiland v. State*, 246 Ga. 112, 116 (2) (268 SE2d 922) (1980). Moreover, the State bears the

---

[8] We cannot presume that Brooks received assistance from an attorney throughout the trial based on a cryptic note from a court reporter ("Pro se defendant Dennis Brooks was assisted in jury selection by Wayne Lambert, attorney at law.") and statements made by the attorney during voir dire. Lambert did not enter an appearance on Brooks' behalf, and the evidence in the record shows that his representation was limited to voir dire, which occurred the day before the trial started. There is no indication in the record that the trial court appointed Lambert to assist Brooks throughout the trial or that Lambert actually did so.

Likewise, there is no factual support for the assumption that "Brooks — or someone aiding him during the trial" requested that the entire proceeding be transcribed. The record shows only that it was transcribed. This could have occurred for numerous other reasons, such as habit of the trial court's court reporter, the request of the trial court (OCGA § 5-6-41 (b)), or the request of the State, and we should not speculate about how it came to be transcribed.

burden of proving the constitutional error harmless beyond a reasonable doubt. See *State v. Hightower*, 236 Ga. 58, 60 (222 SE2d 333) (1976).

The majority turns this analysis on its head, finding that the error is harmful only if *Brooks*, not the State who bears the burden of proof, can demonstrate through evidence in the record that a lawyer could have made a difference. In other words, Brooks must affirmatively assert and show harm in the record. This analysis is erroneous; the error is harmless only if the *State* shows, beyond a reasonable doubt, that it was in fact harmless.

### IV. The Error Was Not Harmless Beyond a Reasonable Doubt

The record in this case does not show that the trial court's error was harmless beyond a reasonable doubt. See *Braswell*, supra at 511; *Hamilton*, supra at 469 (1) (d); *Black*, supra; *Strozier*, supra.

Brooks' cross-examination of the victim, the State's chief witness, was ineffective and argumentative. After asking only three questions and drawing repeated rebukes from the trial court about the argumentative and improper nature of his questions,[9] Brooks stated, "I don't want to argue," and asked no further questions. Unlike other cases in which we have found harmless error, the trial court did not appoint counsel to sit with Brooks at counsel table and provide advice and assistance *throughout* the trial. See, e.g., *Rutledge v. State*, 224 Ga. App. 666, 670-671 (3) (482 SE2d 403) (1997).

The fact that Brooks was charged with misdemeanor simple battery should not influence the majority's analysis of whether the trial court's error was harmless beyond a reasonable doubt.[10] Persons charged with a misdemeanor offense for which they face imprison-

---

[9] These rebukes by the court, which occurred in the presence of the jury, follow:
Mr. Brooks, you're starting to do exactly what I told you not to do. You can ask her questions. You cannot argue with her. You can elicit her answers. You cannot give answers. This is not your testimony time.

. . .

Mr. Brooks – just a minute. Just a minute Ms. Faison. I'm not going to warn you again. I'm going to let you ask questions, but I'm not going to let you stand up there and say, "I didn't do this." You're arguing with the witness. That is not proper questioning. Now listen to what I'm telling you. You can ask her all the questions you want to ask her, but you can't stand there and argue with her. That is not permissible.

. . .

If you don't like her answer, ask her another question, but don't stand up there and say, "I didn't do that," because you're arguing then. We don't do it that way.

. . .

Is that a question or a statement?

. . .

What's the question? I heard a statement. I didn't hear a question.

[10] We have previously reversed on this ground misdemeanor speeding convictions in a case where the defendant was sentenced to only two days in jail. *Hamilton*, supra.

ment have the same constitutional right to counsel as those charged with a felony. See *Keith v. State*, 218 Ga. App. 729 (1) (463 SE2d 51) (1995). A person's liberty is at stake with either offense, and, in this case, Brooks received the maximum sentence of one year in prison with no probation or suspension of his sentence.

Likewise, characterizing this case as a "he said/she said" credibility contest does not warrant a finding of harmless error beyond a reasonable doubt, particularly when the trial judge repeatedly rebukes the defendant in the presence of the jury. A case that turns on the credibility of two opposing witnesses is precisely the kind of case where cross-examination by a lawyer can make a difference. A lawyer can also objectively evaluate and advise whether it would be in the best interest of a defendant, who is one of those witnesses, to testify. In this case, the defendant did not have these benefits, and we should not equate his prior criminal convictions with the education and training of a licensed lawyer.

For all of the above reasons, the State failed to demonstrate that the trial court's error was harmless beyond a reasonable doubt. As the U. S. Supreme Court recognized in *Gideon v. Wainwright*, 372 U. S. 335, 344-345 (83 SC 792, 9 LE2d 799) (1963):

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. . . . [A layperson] lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.

(Citation and punctuation omitted.)

I am authorized to state that Judge Phipps joins in this dissent.

DECIDED MARCH 29, 2000.

*Gilbert J. Murrah,* for appellant.
*Ben Kirbo, Solicitor,* for appellee.